SYDNEY KELLNER, Plaintiff, v. HELENE KELLNER, Defendant.

Supreme Court, Special Term, Kings County, June 2, 1949.

*George F. L. Hentz* for defendant.

*Alvin S. Lane* for plaintiff.

WALSH, J. Defendant moves to dismiss this complaint on the ground that it seeks to compel performance of an asserted promise made orally in consideration of marriage which the law says is enforcible only when committed to writing (Personal Property Law, § 31, subd. 3).

Plaintiff husband asserts that " prior to their marriage the plaintiff and defendant entered into an agreement whereby, in consideration of plaintiff's marrying the defendant, it was agreed as follows: * * *." Then follow averments that the parties (being of different religious faiths) agreed that they would be married in accordance with and adhere to the plaintiff's faith and that the children would be reared in such faith. The marriage followed and for a time the children were so reared; but now, it is pleaded, defendant wife has breached the agreement and has attempted to rear the children in accordance with her own religious faith.

Apart from the complaint, it appears, as might be surmised and expected in most such circumstances, there has been a rift in the marital relationship. Plaintiff admits that the parties have been living separate and apart for the past five years, during most of which period the mother retained custody of the two children. Defendant asserts that she has been compelled

to appeal to the department of welfare to procure additional support for them since the plaintiff " is unable to find more than $10 a week to contribute toward their support, although plain- tiff seems to have been well able to obtain the funds to bring two Supreme Court actions within a short time " (the other being a habeas corpus proceeding).

The plaintiff, in opposing this motion to dismiss, argues that " the consideration for the agreement was not merely a promise to marry ". Without weighing the merits of such claim it is sufficient to point out that the complaint itself expressly avers that it was.

Plaintiff also makes the argument that there has been a part performance sufficiently to overcome the statutory prohibition. Assuming for the sake of the argument that part performance under any circumstances could accomplish this, the circumstances here shown would not suffice, for the asserted part performance is of a character which is not " unequivocally refer- able " to the agreement alleged, admitting of explanation without reference thereto. As stated in *Burns* v. *McCormick* (233 N. Y. 230, 232), " What is done must itself supply the key to what is promised." (See, also, *Woolley* v. *Stewart,* 222 N. Y. 347, 351, and *Becker* v. *Wells,* 272 App. Div. 1024.)

Perhaps it was to guard against just such a situation as the present one, as defendant asserts, that the Legislature provided that an agreement such as this should be " void " unless in writing and subscribed by those sought to be bound thereto. Whatever the motivation, the prohibition is a proper exercise of the legislative function in the field of public policy and courts and litigants are concluded thereby.

The motion to dismiss is granted.