■ IRIS BARON, Respondent-Appellant, v DAVID JEFFER, Appellant-Respondent.—In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (McBrien, J.), dated December 3, 1985, as denied that branch of his motion which was to dismiss the sixth cause of action in the second amended complaint; and the plaintiff cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as granted those branches of the defendant's motion which were to dismiss the seventh, eighth and ninth causes of action in the second amended complaint.

Ordered that the order is modified, by deleting the provision denying that branch of the defendant's motion which was to dismiss the sixth cause of action asserted in the plaintiff's second amended complaint, and substituting therefor a provision granting that branch of the motion to the extent that the allegations that the defendant agreed "to support her [the plaintiff] for the rest of her life" and "to place the house located at 20 Croton Avenue, Staten Island, New York in [p]laintiff's name" are stricken from the sixth cause of action,

and that branch of the motion is otherwise denied; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On the defendant's appeal, we are asked to consider, *inter alia*, whether certain allegations in the sixth cause of action in the second amended complaint should be dismissed. In that cause of action, the plaintiff alleged as follows:

"27. That in September 1977, Plaintiff and the Defendant entered into an express agreement whereby the plaintiff agreed to move all of her belongings and property into a new house being built on 20 Croton Avenue, Staten Island, New York, to provide household services to the defendant, to entertain the defendants *[sic]* business acquaintances and friends, to accompany the defendant on trips and to conventions, to promote business on behalf of the Defendant and his funeral business, to utilize the Defendant's last name at social functions and to represent herself as his wife under various circumstances and occasions in return for which, the defendant agreed to provide housing, food, clothing and other necessaries of life, to support her for the rest of her life and to pay monies to the plaintiff in return for her services. As a result of the agreement, in September 1977, plaintiff undertook to perform pursuant to the terms and conditions of same, she moved into the house and executed her duties as requested by defendant and required by him.

"28. That the agreement in question was breached by the defendant in November, 1979 at which time he locked the plaintiff out of her house, he confiscated all of her property, he refused to provide shelter, clothing, and necessaries of life or support as required by the agreement in question.

"29. That said breach of the agreement continued until April 1980, at which time the aforesaid agreement was renewed upon the same terms and conditions as before and in addition, defendant agreed to pay plaintiff's medical bills, to place the house located at 20 Croton Avenue, Staten Island, New York in Plaintiff's name, to deposit $10,000.00 in a bank account for her use, to pay Plaintiff the sum of at least $500.00 per week commencing September 1980 and to buy Plaintiff a new car.

"30. That in April 1980, plaintiff moved back in the house at 20 Croton Avenue, Staten Island, New York, afterwhich the said agreement was again breached by the defendant in August 1980 at which time the defendant once again locked the plaintiff out of the house, he refused to provide monies for

her support and maintenance as previously agreed, he refused to provide clothing and other necessaries of life, he confiscated almost all of plaintiff's property and breached other terms of the agreement".

While we acknowledge that "an express agreement between unmarried persons living together is as enforceable as though they were not living together", such an agreement is still subject to "the normal rules of contract law" *(Morone v Morone,* 50 NY2d 481, 486). The plaintiff seeks to enforce an alleged agreement, which is concededly not evidenced by a writing, made by the defendant "to support her for the rest of her life" and "to place the house located at 20 Croton Avenue, Staten Island, New York, in [the] [p]laintiff's name". We agree with the defendant that these allegations in the sixth cause of action should be stricken since they run afoul of the Statute of Frauds, which requires such promises to be in writing in order to be enforceable *(see,* General Obligations Law §§ 5-701, 5-703; *Tinto v Howard,* 52 NYS2d 245, *affd* 269 App Div 990; *Kolodziej v Kolodziej,* 54 AD2d 228, *appeal dismissed* 40 NY2d 1092). The plaintiff, however, claims that her performance of the agreement by moving into the house on two separate occasions and commencing her duties suffices to overcome the statutory requirement of a writing. Assuming, arguendo, that the doctrine of part performance is applicable, we find that "the circumstances here [alleged] would not suffice, for the asserted part performance is of a character which is not 'unequivocally referable' to the agreement alleged, admitting of explanation without reference thereto" *(Kellner v Kellner,* 196 Misc 774, 775; *see also, Anostario v Vicinanzo,* 59 NY2d 662, 664).

As to the plaintiff's claims raised on her cross appeal, dismissal of the seventh, eighth and ninth causes of action in the second amended complaint was warranted for the reasons stated by Justice McBrien. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.