■ MARY D. HARRINGTON, Appellant, v WILLIAM E. MURRAY, Respondent.—Order (denominated judgment), Supreme Court, New York County (Eugene Nardelli, J.), entered October 17, 1989, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The parties were married in 1970, separated in 1971, and

divorced in 1972, but remained on friendly terms. In 1975, defendant visited the plaintiff in New York to tell her that he had remarried. At that meeting, according to plaintiff's deposition and affidavit, the defendant orally agreed to take care of her for the rest of her life in the style to which she had become accustomed, in exchange for her promise to introduce and otherwise promote him socially in order to aid him in business and politics. The defendant also allegedly agreed to provide the plaintiff with a home and half of the profits resulting from her efforts.

In 1976, defendant gave plaintiff a life estate in a cottage on Sea Island, Georgia. In 1983, plaintiff, who was in need of cash, sold defendant her life estate in the cottage for $74,000. In both transactions the parties consulted independent counsel.

In 1986, defendant allowed plaintiff to stay in his apartment for a five-month period while she was awaiting surgery and during her recuperation. After an incident between plaintiff and another of defendant's house guests, defendant asked plaintiff to move out. Soon thereafter, plaintiff brought the underlying action seeking a "dissolution and accounting of all partnership assets", and $4,000,000 in compensatory and punitive damages for alleged fraud in connection with her life estate in the Sea Island cottage.

After extensive depositions of the plaintiff, defendant moved for summary judgment, which the Supreme Court granted. Although the cause of action seeking an accounting tracks the language of the complaint sustained in *Morone v Morone* (50 NY2d 481), plaintiff failed to present facts sufficient to establish that a "partnership" had been established between the parties.

Even if the plaintiff had set forth facts sufficient to establish an oral partnership agreement, the agreement would be unenforceable pursuant to General Obligations Law § 5-701 (a) (1), which requires a writing if the agreement "[b]y its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime".

Plaintiff's argument that her partial performance (e.g., providing guidance to defendant's daughters, guiding defendant in cultural situations and charitable activities, introducing defendant in cultural circles, decorating defendant's homes) excepted the agreement from the preclusive effect of the Statute of Frauds is unavailing since plaintiff's actions were

not " 'unequivocally referable' " to the agreement alleged *(Anostario v Vicinanzo,* 59 NY2d 662, 664; *Baron v Jeffer,* 131 AD2d 411, 413). There is no basis for applying the South Carolina Statute of Frauds where the parties, both New York residents, allegedly entered into an agreement in New York, which by its terms contained no specified place of performance but was partially performed in New York, and was sued upon in New York *(see, Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 382).

The cause of action for fraud was properly dismissed because plaintiff presented no evidence that defendant, at the time he allegedly promised to "buy" the plaintiff a home and pay the carrying charges and insurance, never intended to honor his promise *(Pope v New York Prop. Ins. Underwriting Assn.,* 112 AD2d 984). Moreover, a cause of action for fraud does not arise when the only alleged fraud relates to a breach of contract *(Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526; *Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607). Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Smith, JJ.