■ STEPHANIE WALLACE, Individually and on Behalf of THE SALMON GROUP, INC., Appellant, v STEPHEN CRISMAN et al., Respondents.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered September 27, 1990, which, *inter alia,* granted defendants' motion to sever and stay the first, second, third and seventh causes of action, and dismissed the sixth cause of action, of the amended complaint, unanimously affirmed, with costs.

Plaintiff commenced this action based upon alleged misappropriation of assets of The Salmon Group, Inc. by defendants and alleged willful misrepresentations to induce plaintiff to purchase shares of stock in the corporation.

The court properly severed the derivative claims raised in the first, second, third and seventh causes of action, pending the outcome of the fifth cause of action for rescission of plaintiff's subscription agreement. Should plaintiff succeed in rescinding the subscription agreement she would no longer possess the requisite interest in the affairs of the corporation *(see generally, Steinberg v Steinberg,* 106 Misc 2d 720; *cf., Center v Hampton Affiliates,* 66 NY2d 782).

The cause of action for fraud fails to meet the pleading requirements of CPLR 3016 (b) *(Bramex Assocs. v CBI Agencies,* 149 AD2d 383). Plaintiff did not adequately allege an intent to deceive nor set forth factual details showing specific damages resulting from alleged misrepresentations *(see, Gordon v De Laurentiis Corp.,* 141 AD2d 435). Nor may a fraud claim arise when the only fraud charged relates to a breach of contract or allegations that a defendant did not intend to

perform a contract when made *(Gordon v De Laurentiis Corp., supra)*. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.