■ SANDRA GREER REAL ESTATE, INC., Respondent, v JOHANSEN ORGANIZATION, Appellant.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered March 11, 1991, which denied the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss plaintiff's third cause of action alleging fraud, unanimously reversed, on the law, the motion granted, and the third cause of action is dismissed, without costs.

Plaintiff, a real estate agent, entered into a contract with the defendant sponsor, which provided generally that the plaintiff would act as the selling agent in connection with the cooperative conversion of 20 Wendell Terrace, Hempstead, New York. The contract, which was drafted by the plaintiff, provided that plaintiff would receive three payments of $2,500. The first was due upon execution of the agreement, the second was to be paid upon presentation of the "Red Herring" and the third was due on acceptance of the plan. In addition, plaintiff was to receive a 4 or 5% commission on the purchase price of each sale. The contract was to expire, by its terms, one year from the date the sponsor acquired the shares; it also provided that it was terminable at will, upon 60 days prior written notice by either party.

The contract was executed on September 9, 1987. The offering plan became effective September 9, 1988. By letter dated November 1, 1988, defendant gave the plaintiff notice of termination of the agreement. The notice stated only that the defendant was extremely dissatisfied with the plaintiff's performance. No other expression of the reason for defendant's termination of the agreement is contained in the record. Plaintiff commenced this action alleging causes of action for breach of contract, an accounting, and fraud. The fraud cause of action alleged that the plaintiff was fraudulently induced into the agreement based on "untrue statements of material fact" in that the defendant from the outset, intended to terminate the parties' agreement as soon as possible after the offering plan became effective. Defendant moved pursuant to CPLR 3211 (a) (7) for dismissal of the fraud cause of action, in October 1990, after discovery was conducted and a note of issue filed.

"A fraud claim is not sufficiently stated where it alleges that a defendant did not intend to perform a contract * * * when he made it" *(Gordon v De Laurentiis Corp.,* 141 AD2d 435, 436). To sufficiently allege fraud in the inducement, the cause of action must allege " 'a representation of present fact, not of future intent' * * * collateral to, but which was the inducement for the contract" *(Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954, 956). The allegations of plaintiff's third cause of action, even when viewed in the light most favorable to plaintiff as supported by its submissions on the motion *(Arrington v New York Times Co.,* 55 NY2d 433, 442; *Rovello v Orofino Realty Co.,* 40 NY2d 633), do no more than restate plaintiff's breach of contract claims. The cause of action does not even contain any factual allegations that the defendant misrepresented its future intention to perform at the time the contract was executed. At best, the plaintiff alleges that "[u]pon information and belief, at the time that Johansen entered in to the Agreement with Greer, Johansen had no intention of permitting Greer to act as the selling agent for the sponsor". A statement of "belief" as to the defendant's intention at the time of execution of the contract does not, under the above stated law, make out a cause of action for fraud *(Deerfield Communications Corp. v Chesebrough-Ponds, Inc., supra).* Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.