■ JAN SPARKA TRAVEL, INC., Doing Business as VACATION STATION, Respondent, v ANITA A. HAMZA, Doing Business as ANITA'S INTERNATIONAL TRAVEL, Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied defendant's cross motion seeking various relief regarding discovery, dismissal of the complaint, or, in the alternative, an order striking the Note of Issue and Certificate of Readiness. Further, Supreme Court properly granted plaintiff's motion for partial summary judgment on the issue of liability on the cause of action that seeks damages for breach of contract. Summary judgment was improperly granted, however, on the remaining causes of action because they are not legally cognizable claims. The record demonstrates that all the causes of action stem from defendant's alleged failure to perform her contract with plaintiff. In its second cause of action, alleging fraud, plaintiff alleges that defendant made misrepresentations to it regarding the cost of certain airline tickets. We recognize that some acts that give rise to a cause of action for fraud may also form a basis for a breach of contract cause of action *(see, e.g., Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956). A cause of action for fraud, however, is not stated where, as

here, the only alleged fraud relates to the breach of contract *(MBW Adv. Network v Century Business Credit Corp.,* 173 AD2d 306; *Harrington v Murray,* 169 AD2d 580, 582; *Gordon v De Laurentiis Corp.,* 141 AD2d 435). The third and fifth causes of action allege intentional and negligent breach of contract. Those causes of action must be dismissed because it is well-established that a breach of contract is "not to be considered a tort unless a legal duty independent of the contract itself has been violated" and the duty breached must not originate in the contract *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). Additionally, to the extent that the fifth cause of action purports to allege a claim for defamation, it must be dismissed because the "particular words complained of [are not] set forth in the complaint" (CPLR 3016 [a]; *see also, Williams v Varig Brazilian Airlines,* 169 AD2d 434, 436-437, *lv denied* 78 NY2d 854). The fourth cause of action alleges a conspiracy between defendant and one of plaintiff's employees. Similarly, that cause of action must be dismissed because it is well settled that " 'a mere conspiracy to commit a [tort] is never of itself a cause of action' " *(Alexander & Alexander v Fritzen,* 68 NY2d 968, 969; *see also, Stuart v Tomasino,* 148 AD2d 370, 372). Finally, the sixth cause of action that alleges a separate cause of action for punitive damages must be dismissed. A claim for punitive damages may not be asserted as a separate cause of action as "it constitutes [only a part of the] total claim for damages on the underlying causes of action" *(APS Food Sys. v Ward Foods,* 70 AD2d 483, 488; *see also,* 36 NY Jur 2d, Damages, § 174). The punitive damages sought, although erroneously asserted as a separate cause of action, "should be deemed part of the prayer for damages" *(Goldberg v New York Times,* 66 AD2d 718).

We have considered defendant's remaining contentions and find them to be lacking in merit. Therefore, the order is modified by denying plaintiff's motion for partial summary judgment on the issue of liability on the second, third, fourth, fifth and sixth causes of action and by dismissing those causes of action. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.