■ EASTMAN KODAK COMPANY, Appellant, v ROOPAK ENTERPRISES, LTD., Doing Business as FAST FOTO 40, Respondent. [608 NYS2d 445] —Order, Supreme Court, New York County (Herman Cahn, J.), entered November 30, 1992, which, insofar as appealed from, denied the plaintiff's motion to dismiss the defendant's first and second counterclaims, unanimously reversed, on the law, the motion is granted and the first and second counterclaims are dismissed, without costs.

The plaintiff and the defendant entered into a conditional sales agreement whereby the defendant was to purchase a Mini-Lab System 50 from the plaintiff in sixty monthly installments. Upon default, the entire sum was to become due and the plaintiff would have all the rights of a secured party.

After the defendant defaulted on its payments, the plaintiff instituted this action seeking damages for breach of contract, quantum meruit for the goods sold and delivered, replevin of the Mini-Lab, quantum meruit for maintenance service provided and account stated. In its answer, the defendant asserted the affirmative defenses of lack of personal jurisdiction, that it relied on the fact that the plaintiff would continue in the business of Mini-Labs when the plaintiff actually intended to discontinue the sale, manufacture and service of the product and that the plaintiff induced the defendant to purchase its product by warranting that it would continue in the Mini-Lab business. The defendant maintained that upon learning of the plaintiff's intention to discontinue the Mini-Lab portion of its business, it offered to return the product but the plaintiff refused.

The defendant also asserted four counterclaims. In its first and second counterclaims, it sought rescission of the conditional sales agreement and the return of its downpayment. The third and fourth counterclaims sought damages for breach of contract.

The Supreme Court granted the plaintiff's motion to dismiss the affirmative defenses and the third and fourth counterclaims but denied the motion as to the first and second counterclaims, concluding that they stated a valid cause of action for fraud. On appeal, the plaintiff contends that the Supreme Court erred in denying its motion to dismiss the first and second counterclaims. We agree.

In the first two counterclaims, the defendant sought rescission and the return of its downpayment based on its contention that the plaintiff committed fraud by representing that it would provide service for the Mini-Lab when, in fact, it was negotiating with another company to have such service provided, and intended to discontinue its involvement in the business. The defendant further alleged that it first sought to contract with this other company itself but, based on the plaintiff's misrepresentations, instead contracted with it because the company provided better service.

The counterclaims must be dismissed because the only fraud alleged related to the breach of contract claims, because they

failed to set forth a present intention by the plaintiff to deceive the defendant and because the fraud claims were not pleaded with sufficient particularity.

The defendant's allegations merely restate its breach of contract claims. "A fraud claim is not sufficiently stated where it alleges that a defendant did not intend to perform a contract * * * when he made it" *(Gordon v Dino De Laurentiis Corp.,* 141 AD2d 435, 436; *see also, Sabo v Delman,* 3 NY2d 155; *Greer Real Estate v Johansen Org.,* 182 AD2d 468, 469; *Sanyo Elec. v Pinros & Gar Corp.,* 174 AD2d 452; *Wallace v Crisman,* 173 AD2d 322; *Harrington v Murray,* 169 AD2d 580, 582; *Glenn Partition v Trustees of Columbia Univ.,* 169 AD2d 488).

While a party who is fraudulently induced to enter into a contract may join a cause of action for fraud with one for breach of the same contract, it may do so only if the misrepresentations alleged consist of more than mere promissory statements about what is to be done in the future *(see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954; *Shlang v Bear's Estates Dev.,* 194 AD2d 914). The misrepresentations must be misstatements of material fact or promises made with a present, but undisclosed intent not to perform them *(supra).* The defendant herein merely alleged that at the time the plaintiff entered into the contract, it had no intention of providing service to the Mini-Lab in the future. Moreover, it never alleged that the plaintiff hired the other company with which it was purportedly negotiating, to do the work. The proposed fraud claims were, therefore, legally deficient because they depended on alleged misrepresentations of future intent *(Greer Real Estate v Johansen Org., supra; Sanyo Elec. v Pinros & Gar Corp., supra; Gordon v Dino De Laurentiis Corp., supra).*

Dismissal is also required for failure to plead the fraud allegations with sufficient particularity (CPLR 3016 [b]; *Callas v Eisenberg,* 192 AD2d 349, 350; *Zaref v Berk & Michaels,* 192 AD2d 346, 349). The defendant alleged neither the time nor the place of the purported misrepresentations nor which employee of the plaintiff purportedly made them.

Accordingly, the order of the Supreme Court is reversed insofar as appealed, and the plaintiff's motion to dismiss the first and second counterclaims is granted. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.