■ RICHARD PCHELKA et al., Respondents-Appellants, v LOOMIS-ROOT, INC., Respondent, and HENNESSEY, INC., Appellant-Respondent. (Appeal No. 1.) [621 NYS2d 784] —Cross appeal unanimously dismissed *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985) and order affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in granting plaintiffs leave to amend the complaint to assert a claim for punitive damages against defendant Hennessey, Inc. (Hennessey). Plaintiffs' punitive damages claim does not constitute an independent cause of action but instead implicates the same factual circumstances as those that form the predicate of the original complaint *(see, Jan Sparka Travel v Hamza,* 182 AD2d 1067, 1068). "It will be for the trial court to determine whether there is a reasonable basis in the evidence

for the jury to find that [Hennessey's] conduct was so wanton and reckless that an award of punitive damages would be justified" *(Kaplan v Sparks,* 192 AD2d 1119, 1120; *see also, Dumesnil v Proctor & Schwartz,* 199 AD2d 869, 870).

Upon granting plaintiffs' motion for reargument of the prior summary judgment motion of defendant Loomis-Root, Inc. (Loomis-Root), the court should have granted in its entirety plaintiffs' motion. Thus, in addition to reinstating the cause of action that alleged that Loomis-Root was liable as a distributor of the product under the doctrine of strict products liability, the court also should have reinstated the cause of action that alleged that Loomis-Root was negligent in maintaining and servicing the product. Therefore, we modify the order entered upon reargument by granting plaintiffs' motion in its entirety. (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Green, J. P., Lawton, Fallon, Doerr and Davis, JJ.