376

[641 NYS2d 831]

Louis DeRosis, Respondent, v Bernard Kaufman, Appellant.

First Department, May 7, 1996

### APPEARANCES OF COUNSEL

*Joseph E. Macy* of counsel, Garden City *(Berkman, Henoch, Peterson & Peddy, P. C.,* attorneys), for respondent.

*Robert Markewich* of counsel, New York City *(Markewich Friedman & Markewich, P. C.,* attorneys), for appellant.

### OPINION OF THE COURT

Wallach, J.

On this appeal we are required to determine whether a series of writings, executed and delivered by defendant to plaintiff at various times over a four-year period, are sufficient to overcome the defense of the Statute of Frauds. Framing the issue as entirely one of law, both parties moved for summary judgment. The IAS Court granted plaintiff's cross motion and directed judgment in his favor. We disagree.

In our view, the writings proffered by plaintiff are woefully insufficient to establish that defendant became a guarantor of repayment to plaintiff of a $75,000 "loan" allegedly made by plaintiff to one Michael Goldberg. There is no dispute that such a promise, to be enforceable, must be in writing (General Obligations Law § 5-701 [a] [2]).

Plaintiff places major reliance upon two memoranda which defendant signed and delivered to him on July 28, 1993.[1] The first reads:

"I owe Louis De Rosis $75000

"[signed] Bernard Kaufman

"7/28/93".

The second reads:

"As of 7/28/93, my obligation to pay Louis DeRosis for his prior investment in Schact Fish Co. is $75000

"[Therefore] I owe Louis De Rosis 75000

"[signed] Bernard Kaufman".

---

1. The date of this supposedly crucial pair of memoranda is set forth erroneously in the complaint as "the 20th day of July, 1993," and in plaintiff's affidavit in support of his cross motion for summary judgment as "July 28, 1994".

It may be noted that these two documents are somewhat self-contradictory: the first suggests a direct debtor-creditor relationship; the second, although repeating that status, is adopted in plaintiff's complaint as a "guarantee." Yet that word or concept never appears in the second instrument. There is a reference to plaintiff's prior investment in Schact Fish Co., but this writing is as consistent with a purchase by defendant of an equity "investment" in Schact Fish, held by plaintiff, as with anything else. There is nothing in the writing to tie the alleged primary obligor, Goldberg, to Schact Fish Co. Thus, missing from this pair of memoranda is any reference to (1) a loan (2) from plaintiff to Goldberg (3) which defendant is undertaking to guarantee.

A third (earlier) writing, which also fails to advance plaintiff's case, reads as follows:

"I owe Louis De Rosis $150000 and $25000 for a total of $175000

"[signed] Bernard Kaufman
"6/6/89.

"Returnable and payable by July 1, 1989".

Clearly, this June 1989 writing does nothing to supply any of the elements of guaranty missing from the July 1993 writing. However, it is urged in the dissent that light can be found in the circumstance that about five months earlier, on January 14, 1989, "Mike Goldberg" signed a six-month promissory note in the sum of $25,000 to the order of plaintiff. Beneath Mr. Goldberg's signature is identified an entirely different entity, "Seafood Acquisition Group". Rather than appearing as a *guarantor* on this instrument, defendant signed simply as a *witness* to Mr. Goldberg's signature. And nothing therein enables us to say that the $25,000 referred to in this note is a component of the $75,000 referred to in the paper signed and delivered four and a half years later. We *can* say that "Seafood Acquisition Group" is not the same as "Schact Fish Co.," and Mr. Goldberg's connection to that latter entity remains pure conjecture.

What these bits of paper bearing defendant's signature resemble, if anything, is the type of I.O.U. sometimes accepted by casinos in exchange for a stack of chips. Damon Runyon would have called them "markers"; his story about one ended up as a movie in which Hollywood's then most valuable prop-

erty[2] was delivered as security for repayment of same. But even if these writings might do "nicely, nicely, thank you" in the world of GUYS AND DOLLS, they cannot overcome the barrier of the statute in an ordinary commercial setting so as to create a guaranty to make good the default of another.

As we recently held in *Allied Sheet Metal Works v Kerby Saunders, Inc.* (206 AD2d 166, 168), "To be considered a sufficient memorandum within the ambit of the Statute of Frauds, a writing 'must designate the parties, identify and describe the subject matter and state *all* the essential or material terms of the contract' " (emphasis added). This has been settled law in this State for over a century (*see, Mentz v Newwitter*, 122 NY 491, 497; *Wright v Weeks*, 25 NY 153, 161 [Allen, J., concurring]). While it is true that an agreement may be pieced together from separate writings, those writings must be "connected with one another either expressly or by the internal evidence of subject matter and occasion" (*Marks v Cowdin*, 226 NY 138, 145 [Cardozo, J.]). The documents offered here meet neither test.

In a futile attempt to remedy the manifest deficiencies of the writings, plaintiff submitted an affidavit setting forth his version of the guaranty scenario. Perhaps because defendant did not deign to contradict that affidavit with one of his own (preferring to rely entirely upon his legal argument), the IAS Court treated defendant's position as a virtual default. This error is now adopted by the dissent.

Plaintiff's affidavit must be disregarded as a matter of law. The Court of Appeals was unanimous on this point in *Bazak Intl. Corp. v Mast Indus.* (73 NY2d 113, 117-118): "Although a court ordinarily might take plaintiff's affidavits into account on a dismissal motion (*see, e.g., Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636), different considerations apply where the basis for the dismissal motion is a Statute of Frauds defense. Parol evidence, even in affidavit form, is immaterial to the threshold issue whether the documents are sufficient on their face to satisfy the Statute of Frauds. Consideration of parol evidence in assessing the adequacy of a writing for Statute of Frauds purposes would otherwise undermine the very reason for a Statute of Frauds in the first instance. That issue must be determined from the documents themselves, as a matter of law (*see, Scheck v Francis*, 26 NY2d 466, 472)."

In sum, because the writings do not conform at all to plaintiff's version of the oral contract of guaranty, and, indeed,

---

2.  Shirley Temple, in LITTLE MISS MARKER (Twentieth Century-Fox 1934).

tend to contradict it (*see, R.G. Group v Horn & Hardart Co.,* 751 F2d 69, 78 [2d Cir]), the complaint must be dismissed.

Accordingly, the order, Supreme Court, New York County (Paula J. Omansky, J.), entered July 7, 1995, which denied defendant's motion to dismiss the complaint upon a Statute of Frauds defense, and which granted plaintiff's cross motion for summary judgment in the amount of $75,000, plus interest, costs and disbursements, should be reversed, to the extent appealed from, on the law, the cross motion denied, the judgment in favor of plaintiff vacated, and defendant's motion for summary judgment dismissing the complaint granted, without costs. The Clerk is directed to enter judgment accordingly.

Tom, J. (dissenting). I respectfully dissent and vote to affirm the order of the IAS Court.

This action arises out of certain business loans made by plaintiff to Michael Goldberg, which loans were allegedly induced and guaranteed by defendant.

General Obligations Law § 5-701 (a) (2) (the Statute of Frauds) states: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking * * * [i]s a special promise to answer for the debt, default or miscarriage of another person".

The Statute of Frauds' purpose is "to avoid fraud by preventing the enforcement of contracts that were never in fact made. Generally the statute is satisfied by some note or memorandum signed by the party to be charged that is adequate to establish an agreement when considered in light of the admitted facts and surrounding circumstances" (*Fox Co. v Kaufman Org.,* 74 NY2d 136, 140).

In a matter such as the one before us where a party promises to answer for the debt of another, the promise, if it is to be enforceable, "*must either be evidenced by writing* or plaintiff must prove it is supported by a new consideration" (*Martin Roofing v Goldstein,* 60 NY2d 262, 265, *cert denied* 466 US 905 [emphasis added]; *see also, White v Rintoul,* 108 NY 222).

It is also well settled that the agreement may be furnished by piecing together related writings (*Fox Co. v Kaufman Org., supra,* at 139; *Crabtree v Elizabeth Arden Sales Corp.,* 305 NY 48). In order to be considered a sufficient memorandum within the parameters of the Statute of Frauds, the writings must designate, with reasonable certainty, the parties involved, the

subject matter of the agreement, and all of the essential or material terms of the contract (*Allied Sheet Metal Works v Kerby Saunders, Inc.*, 206 AD2d 166, 168; *Generas v Hotel des Artistes*, 117 AD2d 563, 566).

In the matter at bar, the following memoranda are submitted as evidence of the agreement:

"I owe Louis DeRosis $75000

"Bernard Kaufman [signed]

"7/28/93".

---

"As of 7/28/93, my obligation to pay Louis DeRosis for his prior investment in Schact Fish Co. is $75000

"I owe Louis DeRosis 75000

"Bernard Kaufman [signed]".

---

"I owe Lewis DeRosis $150000 and $25000 for a total of $175000

"Bernard Kaufman [signed]

"6/6/89.

"Returnable and payable by July 1, 1989".

---

A fourth writing is in the form of a Promissory Note, dated January 14, 1989, indicating a debt of $25,000 owed to plaintiff by Mike Goldberg, who signed above the corporate name Seafood Acquisition Group. Defendant witnessed the signing of the Note, the payment of which was due on June 15, 1989, or at approximately the same time that defendant signed the first of his memoranda which indicated that he had assumed a $25,000 debt to plaintiff.

There is no dispute that defendant Bernard Kaufman's signature is affixed to all three writings, which specify the party charged with the obligation (defendant), the amount of the obligation (first $175,000 in June 1989 and, later, presumably after some payments, $75,000 in 1993), the date the promise was made (July 28, 1993) and the underlying obligation (investment in Schact Fish Co.) which was guaranteed. Since the foregoing represent all of the material terms of the contract, the Statute of Frauds is satisfied.

Defendant's arguments to the contrary are meritless. While defendant avers that the memoranda "made no mention of any guarantee of any third party's obligation," one of the July 1993 notes specifically states that defendant's obligation to pay

plaintiff arises from plaintiff's "prior investment in Schact Fish Co."

Similarly unfounded is defendant's contention that the obligor of the loan, Goldberg, is not mentioned or identified. As is clear from one of the writings, Goldberg's company is identified (Schact Fish Co.) as being the recipient of the loan. In addition, the fact that the later, 1993 memoranda indicate that defendant owed plaintiff $75,000, whereas one earlier memorandum indicates a much larger amount, is irrelevant as other, earlier obligations may have been satisfied.

Lastly, and despite defendant's protestations to the contrary, the memoranda do not run afoul of the Statute of Frauds because they do not indicate consideration running to the defendant because, as stated above, "[w]hen a party promises to answer for the debt of another * * * the promise, if it is to be enforceable under the statute, must *either be evidenced by writing* or plaintiff must prove it is supported by a new consideration moving to the promisor" (*Martin Roofing v Goldstein*, *supra*, at 265 [emphasis added]).

Accordingly, since the promise is evidenced in writing, and since reasonable certainty, and not absolute certainty, is required to satisfy the Statute of Frauds in order to avoid the cancellation of an otherwise viable contract (*see*, *O'Brien v West*, 199 AD2d 369; *Marder's Nurseries v Hopping*, 171 AD2d 63, *lv denied* 79 NY2d 757), I vote to affirm the IAS Court.

SULLIVAN, J. P., and Ross, JJ., concur with WALLACH, J.; KUPFERMAN and TOM, JJ., dissent in a separate opinion by TOM, J.

Order, Supreme Court, New York County, entered on or about July 7, 1995, reversed, to the extent appealed from, on the law, the cross motion denied, the judgment in favor of plaintiff vacated, and defendant's motion for summary judgment dismissing the complaint granted, without costs and disbursements.