G.B.J. CORPORATION, et al., Plaintiffs,

v.

EASTERN OHIO PAVING CO., et al., Defendants.

No. 5:94 CV 1009.

United States District Court, N.D. Ohio, Eastern Division.

Oct. 7, 1996.

James C. Jones, New York City, for plaintiff.

Larry A. Zink, Zink, Zink & Zink, Canton, OH, Stuart J. Moskovitz, Stadtmauer, Bailkin, New York City, for defendants.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before this Court pursuant to Defendants' Motion for Summary Judgment (Doc. # 53). Plaintiffs have filed their Memorandum of Law in Opposition (Doc. # 57) and Defendants' have filed their Reply Memorandum. (Doc. # 60). The Court has reviewed the motions, affidavits, depositions, and exhibits filed by the parties and for the reasons that follow, Defendants' Motion for Summary Judgment (Doc. # 53) is **GRANTED.**

The present matter was filed on April 8, 1993, in the United States District Court, Southern District of New York. On May 4, 1994, Judge Miriam Cedarbaum transferred this matter to the Northern District of Ohio. On or about May 9, 1994, before the file had been certified to the Clerk of this District, Plaintiffs filed an Amended Complaint. (Doc. # 22). This case was assigned to the docket of Judge David D. Dowd on May 16, 1994. Thereafter the parties entered into discovery and the initial case management schedule was assigned. On October 24, 1994, Judge Dowd issued a Memorandum of Opinion and Order (Doc. # 39) denying the Defendants' Motion to Dismiss the Amended Complaint and granting Plaintiffs' leave to file a second amended complaint. Plaintiffs' Second Amended Complaint was filed on November 9, 1994.

On April 28, 1995, Defendants filed the present Motion for Summary Judgment. After the reply and response of the respective parties were filed the Court transferred the case to the docket of this Court on July 7, 1995. Accordingly, the Motion for Summary Judgment is fully briefed and ripe for decision.

As a preliminary matter, this Court must discuss the proper law to be applied to the facts of this case. This case involves several separate parties from different states. The Plaintiffs initially filed this case in the Southern District of New York. The Plaintiffs causes of action concern loan documents and the propriety of a judgment entered into in the State of New York. Upon motion by Defendants', this case was transferred to the Northern District of Ohio. When a district court transfers a case for convenience, the choice of law rules of the transferor court apply. *See Martin v. Stokes*, 623 F.2d 469 (6th Cir.1980); *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Therefore, this Court will apply New York law to the facts of this case.

The parties to this case are as follows:

Lightweight Environmental Products Corporation (hereinafter "LEPCO") is a New York corporation involved in the manufacture of various chemical compounds. Plaintiff, Patrick Callanan, (hereinafter "Mr. Callanan") was President, sole director and shareholder of LEPCO from November 1989 until June 15, 1992. Plaintiff, Jeffrey Gelmin, (hereinafter "Mr. Gelmin") is the President and sole-shareholder of Plaintiff GBJ Corporation (hereinafter "GBJ"), and Topaz Capital Corporation (hereinafter "Topaz"). Defendant, Eastern Ohio Paving Company, (hereinafter "EOP") is a West Virginia corporation with its principal place of business in Wheeling, West Virginia. Defendant, Glenn Straub, (hereinafter "Mr. Straub") is the President and chief operating officer of EOP. Defendant, Jeffrey Zink, (hereinafter "Mr. Zink") is an attorney with his place of business in Canton, Ohio. He is currently vice-president and secretary of LEPCO. Defendant, Fred Leistiko, (hereinafter "Mr. Leistiko") is a Canton, Ohio resident and currently the sales manager of LEPCO.

The following uncontested facts of the present matter have been determined from the affidavits, exhibits and depositions properly attached to the briefs of the parties.

Prior to the actions pertinent herein, Sequa Capital Corporation (hereinafter "Se-

qua")[1] entered into a Loan and Security Agreement for $700,000 with LEPCO. This agreement was evidenced by a promissory note. The agreement gave Sequa a first security position in all of the assets of LEPCO. In order to secure the loan with Sequa, Mr. Callanan entered a Stock Pledge Agreement relating to all of his stock in LEPCO. In addition, between 1989 and 1992, Plaintiffs GBJ, Topaz and Mr. Callanan made numerous *unsecured* loans to LEPCO. These unsecured loans were evidenced by notes between the Plaintiffs and LEPCO.

On October 29, 1991, Sequa filed suit against LEPCO in order to obtain judgment on its promissory note. As a result of that lawsuit, Sequa obtained a Judgment and Order from the Supreme Court of New York against LEPCO in the amount of $849,769 on April 23, 1992. Thereafter, on June 9, 1992, Defendant EOP acquired from Sequa an Assignment of Sequa's Judgment against LEPCO. In addition, EOP acquired an assignment of Sequa's contract rights in the assets of LEPCO.

Plaintiffs' Second Amended Complaint sets forth five causes of action. All of these causes of action stem from Plaintiffs assertion that the Defendants agreed to assume and pay the promissory note obligations of LEPCO.

In Count One, Plaintiffs allege that subsequent to the execution of the assignment by Sequa to EOP, Defendants EOP, Mr. Zink and Mr. Straub assumed the promissory note obligations of LEPCO. Plaintiffs claim Defendants have failed to repay the loan.

In Count Two, Plaintiffs allege that the Defendants fraudulently seized control of LEPCO's stock, assets and inventory. Plaintiffs seek both a preliminary and permanent injunction from this Court to enjoin Defendants from further operating LEPCO and from further exercising any voting or other rights over the stock of LEPCO.

In Count Three, Plaintiffs allege that Defendants failed to repay loans made to LEPCO under the terms of the Mr. Callanan notes.

In Count Four, Plaintiffs allege fraud by Defendants EOP, Mr. Zink and Mr. Straub and are alleged to have misled Mr. Callanan. Plaintiffs allege that Defendants misled Mr. Callanan into believing that the Defendants would enter into a written agreement with Callanan and GBJ in the future.

In Count Five, Plaintiffs allege that Defendants EOP, Mr. Zink, Mr. Straub and Mr. Leistiko breached certain implied covenants of good faith and fair dealing regarding the note obligations and ongoing assurances of financing for LEPCO.

In determining whether summary judgment is to be granted, the court must consider only that evidence which is properly before it. Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.*, 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

---

1. Sequa is a non-party to the present lawsuit.

evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, (1986). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citation omitted)).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995). The text of FED.R.CIV.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.

The district judge, in considering this type of motion, is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2510–11. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

> "... the threshold inquiry of determining whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

*Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

In this case, Defendants have filed a Motion for Summary Judgment on all of Plaintiffs causes of action.

■ Defendants argue that Plaintiffs' first and third causes of action are barred by the New York Statute of Frauds. In addition, the Defendants argue that the alleged oral agreement relied upon by the Plaintiffs fails for a lack of consideration.

The New York Statute of Frauds § 5–701, provides that certain agreements are required to be in writing. It states, in pertinent part, as follows:

> a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
>
> *   *   *   *   *   *
>
> 2. Is a special promise to answer for the debt, default or miscarriage of another person;

In this case, Plaintiffs allege that the agreement of the Defendants to answer for the debt of LEPCO was evidenced by a "placemat" upon which the Defendants' agent, Mr. Zink placed his initials. Plaintiffs have attached a copy of this "placemat" to their Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment (Doc. # 57). Plaintiffs contend that these initials evidence the Defendants' agreement to the "essential terms" of the oral agreement entered into between the parties. As such, it is Plaintiffs contention that this "placemat" is a memorandum sufficient to satisfy the Statute of Frauds requirement and the requirement that "the party to be charged, or its agent," sign the document is clearly satisfied.

■ The "placemat" fails to be a memorandum of an agreement as a matter of law. The purpose of the Statute of Frauds is to avoid fraud by preventing the enforcement of

contracts that were never made. *Henry L. Fox v. William Kaufman Org., Ltd.,* 74 N.Y.2d 136, 544 N.Y.S.2d 565, 542 N.E.2d 1082 (1989). Generally, the statute is satisfied by some note or memorandum signed by the party to be charged that is adequate to establish an agreement when considered in light of the admitted facts and surrounding circumstances. *Id.* In a matter where a party promises to answer for the debt of another, the promise, if it is to be enforceable, "must either be evidenced by writing or plaintiff must prove it is supported by a new consideration ..." *Martin Roofing v. Goldstein,* 60 N.Y.2d 262, 469 N.Y.S.2d 595, 457 N.E.2d 700 (1983). It is well settled under New York law that in order to be considered a memorandum within the parameters of the Statute of Frauds, a writing must designate, with reasonable certainty, the parties involved, the subject matter of the agreement, and all of the essential or material terms of the contract. *See DeRosis v. Kaufman,* 219 A.D.2d 376, 641 N.Y.S.2d 831 (1st Dept.1996); *Allied Sheet Metal Works v. Kerby Saunders, Inc.,* 206 A.D.2d 166, 619 N.Y.S.2d 260 (1st Dept.1994). The "placemat" presented by Plaintiffs fails to meet these requirements.

Viewing the "placemat" in a light most favorable to the Plaintiffs, the "placemat" merely evidences an array of numbers and names. Nowhere on the "placemat" is the subject matter of the numbers discussed nor the essential and material terms to which the numbers could possibly relate. Although the initials of Mr. Zink ("JEZ") are scribbled about the "placemat", nowhere on the "placemat" is a signature present. As a matter of law, under the facts presented, the "placemat" is insufficient as a memorandum evidencing an agreement.

On the contrary, Defendants have provided the affidavits of Mr. Zink, Mr. Straub, and Mr. Leistiko. All of these Defendants clearly state that "at no time did [they in their official or personal capacities] represent, promise or agree, orally or in writing, to pay any of the promissory note obligations or other obligations of LEPCO." Faced with this evidence that there was no agreement, oral or otherwise, it is incumbent upon the

Plaintiffs to present evidence sufficient to create a genuine issue of material fact. *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995); FED.R.CIV.P. 56(e). This they have not done.

Accordingly, after a review of the depositions, affidavits and evidence properly presented by the Defendants and the lack of evidence to the contrary, Plaintiffs have failed to create a genuine issue of material fact in regard to the presence of a contract between the parties. Therefore, summary judgment on Plaintiffs' first and third causes of action is GRANTED as they are barred by the New York Statute of Frauds § 5–701.

■ Next, Defendants have moved for summary judgment on Count Four of Plaintiffs' Second Amended Complaint alleging fraud against Defendants EOP, Mr. Zink and Mr. Straub. Defendants argue that summary judgment is proper because the Plaintiffs allegations fail to state a cause of action in fraud. Defendants argue that the Plaintiffs claim is deficient in that it is based on the alleged oral contract between the parties. The basis of Plaintiffs allegation is that a contract existed between the parties and the Defendants fraudulently misled Plaintiffs into believing that they would perform under the contract.

■ Plaintiffs' fourth cause of action is dependent upon the existence of a contract between the parties. In order to state a cause of action in fraud, the Plaintiff must allege a breach of duty which is collateral or extraneous to the contract between the parties. *Americana Petroleum v. Northville Ind.,* 200 A.D.2d 646, 606 N.Y.S.2d 906, 908 (2nd Dept.1994). In the present case, Plaintiffs' claim for fraud stems from the alleged oral contract entered into between the parties. Plaintiffs contend that Defendants represented to Plaintiff Callanan that "following the assignment of Sequa's judgment against LEPCO ... and the assignment of interest in LEPCO's stock held by Sequa ... Defendants Mr. Straub and EOP would enter into a written agreement with Callanan and GBJ" providing for payments of various debts of the Plaintiffs. While a party who is fraudulently induced to enter into a contract may join a cause of action for fraud with one for

822

breach of the same contract, it may do so only if the misrepresentations alleged consist of more than mere promissory statements about what is to be done in the future. *Eastman Kodak v. Roopak Ent., Ltd.*, 202 A.D.2d 220, 608 N.Y.S.2d 445, 446 (1st Dept.1994); *see also, Deerfield Communications Corp. v. Chesebrough–Ponds, Inc.*, 68 N.Y.2d 954, 510 N.Y.S.2d 88, 502 N.E.2d 1003 (1986). Plaintiff has failed to present any evidence to show that the alleged misrepresentations made by the Defendants consisted of anything more than promises of future performance.

Therefore, for the foregoing reasons and the reasons set forth previously in this Opinion, summary judgment is GRANTED in favor of the Defendants on Count Four.

Next, Defendants have moved for summary judgment on Count Two of Plaintiff's Second Amended Complaint. Count Two requests injunctive relief against the Defendants to stop them from exercising further control over the stock of LEPCO. The need for injunctive relief was previously addressed by Judge Cedarbaum prior to her transfer of the present matter to the Northern District of Ohio.

For the reasons previously set forth in this Opinion, the Plaintiff has failed to create a genuine issue of material fact in regard to this contention that any act of the Defendants was done in a fraudulent manner. Therefore, Plaintiffs have also failed to carry their burden in showing that a genuine issue of material fact exists in regard to its Count Two. This Court finds itself in accord with Judge Cedarbaum and refuses to impose the extraordinary remedy of injunctive relief.

Accordingly, summary judgment is GRANTED in favor of the Defendants on Count Two and the application for a preliminary and permanent injunction is DENIED.

Finally, Defendants have moved for summary judgment on Count Five of Plaintiffs' Second Amended Complaint. Count Five seeks relief for the alleged breach of certain implied covenants of good faith and fair dealing regarding the note obligations and ongoing assurances of LEPCO.

The law of New York realizes that in every contract there is an implied covenant of good faith and fair dealing. *See, Van Valkenburgh Nooger & Neville v. Hayden Pub. Co.*, 30 N.Y.2d 34, 330 N.Y.S.2d 329, 281 N.E.2d 142 (1972). However, the implied covenant of good faith and fair dealing is limited to performance under a contract and does not encompass future dealings or negotiations between the parties. *The Bank of New York v. Sasson*, 786 F.Supp. 349, 353 (S.D.N.Y.1992). Defendants contend that summary judgment is also appropriate on this count because the Plaintiffs have failed to prove that a contract ever existed between the parties. The Plaintiffs again rely upon the "placemat" for their proposition that a contract existed between the parties. In order for the Plaintiffs' cause of action to survive summary judgement it is necessary for them to show that there exists a genuine issue of material fact in regard to the creation of the underlying contract. To state a claim for breach of the implied covenant of good faith and fair dealing the claim must allege that the defendant sought to prevent the plaintiffs' performance of the contract or to withhold its benefits from the plaintiffs. *Holmes Protection of New York v. Provident Loan Society of New York*, 179 A.D.2d 400, 577 N.Y.S.2d 850, 851 (1st Dept.1992).

The Court has previously determined that Plaintiff's breach of contract and fraud claims cannot survive summary judgment. Since Plaintiffs have failed to show that a genuine issue of material fact exists in regard to the existence of a contract (see discussion regarding Count One and Three, *infra*), they cannot carry the concomitant burden of proving that Defendants breached an implied covenant of good faith and fair dealing.

Therefore, summary judgment is GRANTED in favor of the Defendants on Count Five.

Accordingly, for the reasons set forth above Defendants' Motion for Summary Judgment (Doc. #53) is GRANTED on Counts One through Five as set forth in Plaintiffs' Second Amended Complaint.

Therefore, this case is DISMISSED in its entirety, all costs to Plaintiffs.

IT IS SO ORDERED.