■ LAZAR CONSULTING ASSOCIATES, INC., Appellant-Respondent, v ADRIENNE VITTADINI, INC., et al., Respondents-Appellants. [669 NYS2d 219] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 17, 1997, which granted defendants' motion for summary judgment insofar as addressed to that portion of the complaint as alleges an oral contract (1) for consulting services to be performed by plaintiff over a period of three years and paid in monthly installments of $12,500, and (2) for the transfer of 6.25% of defendant's shares of stock if and when sold, and denied plaintiff's cross motion for partial summary judgment in the amount of $187,500 representing monthly consulting fees due for the period October 1995 through December 1996, unanimously modified, on the law, to grant plaintiff's cross motion only to the extent of awarding it the sum of $12,500 a month from October 1995 to February 29, 1996, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 7, 1997, which directed the parties to proceed with disclosure, unanimously dismissed, without costs, as moot.

That portion of the complaint as alleges an oral agreement to pay monthly consulting fees for a period of three years was properly dismissed as impossible of performance within one year (General Obligations Law § 5-701 [a] [1]). The writings plaintiff would piece together to establish the alleged tripartite oral agreement—calling for $200,000 payable immediately, $150,000 a year for consulting services over three years payable in monthly installments of $12,500, and 6.25% of the sales

price of defendant's stock if and when sold—are insufficient. The $200,000 invoice and payment were for services rendered prior to the alleged oral contract and have no necessary connection to the other parts of the alleged agreement. The monthly $12,500 statements plaintiff sent defendant make no mention of the $200,000, the 6.25% or the length of any agreement to continue paying $12,500 a month. The Asset Purchase Agreement on which plaintiff relies mentions only the expired written consulting agreement, and none of the other writings plaintiff relies on, including defendant's answer, in which it admits an "oral at will agreement", supports the alleged three-year agreement, as opposed to an at-will, month-to-month agreement entered into when the original written contract expired (*see, DeRosis v Kaufman*, 219 AD2d 376). In view of this month-to-month oral agreement, admittedly in effect through the end of February 1996, when plaintiff's services were terminated, we modify to grant, in part, plaintiff's cross motion for partial summary judgment on its claim for unpaid consulting services, as above indicated. The complaint was properly dismissed insofar as it seeks a transfer of defendant's shares (UCC 8-319; *see, Gross v Vogel*, 81 AD2d 576; *Newman v Crazy Eddie, Inc.*, 119 AD2d 738, 739), but properly sustained insofar as it alleges a promise to pay plaintiff 6.25% of defendant's sales, such an agreement being capable of performance within a year and calling only for payment of a commission, or a portion of the purchase price of the company, rather than for the sale of securities. We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Williams, and Tom, JJ.