■ CATHERINE TIGHE, Respondent, v STILIANOS KOSTOGLOU, Appellant. [789 NYS2d 687]—In an action, inter alia, to impose a constructive trust, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated March 23, 2004, as denied those branches of his motion which were for summary judgment dismissing the complaint and vacatur of the plaintiff's lis pendens.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the complaint and vacatur of the plaintiff's lis pendens are granted.

The plaintiff, a tenant of a condominium unit owned by the defendant, commenced this action to compel the defendant to transfer title to the unit to her on a constructive trust theory. The defendant moved, inter alia, for summary judgment, demonstrating his prima facie entitlement to judgment as a matter of law dismissing the complaint. In opposition, the plaintiff failed to raise a triable issue of fact that would support the imposition of a constructive trust (*see Simonds v Simonds,* 45 NY2d 233 [1978]; *Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Onorato v Lupoli,* 135 AD2d 693 [1987]; *Baron v Jeffer,* 131 AD2d 411 [1987]). Thus, those branches of the defendant's motion which were for summary judgment dismissing the complaint and vacatur of the plaintiff's lis pendens should have been granted.

In light of our determination, the defendant's remaining contention need not be reached. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.