16-3669-cv
Foresco Co., Ltd. v. Oh

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of August, two thousand seventeen.

Present:       JON O. NEWMAN,
               PIERRE N. LEVAL,
               ROSEMARY S. POOLER,
                    *Circuit Judges*.

———————————————————————————————————

FORESCO CO., LTD.,

                    *Plaintiff-Appellant*,

               v.                                          16-3669-cv

ALBERT OH,

                    *Defendant-Appellee*.

———————————————————————————————————

Appearing for Appellant:       Dorothy Alicia Hickok, Drinker Biddle & Reath LLP (Heath D. Rosenblat, Mark D. Taticchi, *on the brief*), Philadelphia, PA.

Appearing for Appellee         Andrew P. Saulitis, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Plaintiff-Appellant Foresco Co., Ltd. ("Foresco") appeals from the judgment entered September 29, 2016 by the United States District Court for the Southern District of New York (Marrero, *J.*) granting summary judgment to Defendant-Appellee Albert Oh on Foresco's claims for declaratory relief, specific performance, or, in the alternative, breach of contract related to the Promissory to Settle Balance ("PSB") between Foresco and Oh. *Foresco Co., Ltd. v. Oh*, 210 F. Supp. 3d 604 (S.D.N.Y. 2016). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment *de novo*." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013) (citation omitted). Under New York law, the meaning of a guaranty is to be "determined according to the ordinary principles of contract construction." *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F.3d 31, 34 (2d Cir. 1999). In order for a guaranty "[t]o be considered a sufficient memorandum within the ambit of the [New York] Statute of Frauds, a writing must designate the parties, identify and describe the subject matter[,] and state *all* the essential or material terms of the contract." *DeRosis v. Kaufman*, 641 N.Y.S.2d 831, 832-33 (1st Dep't 1996) (emphasis in original). In determining intent of the parties, we must "read the integrated contract as a whole to ensure that undue emphasis is not placed upon particular words and phrases and to safeguard against adopting an interpretation that would render any individual provision superfluous." *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 468 (2d Cir. 2010) (internal quotation marks and citation omitted). "[E]xtrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous." *Id.* at 466. In addition, a guaranty must be supported by consideration in order to be valid under New York law. *See Hauswald v. Katz*, 214 N.Y.S. 705, 707 (1st Dep't 1926). "There is no doubt that an agreement by the creditor to forbear the collection of a debt presently due is a good consideration for an absolute or conditional promise of a third person to pay the debt." *Strong v. Sheffield*, 144 N.Y. 392, 394 (1895).

Here, the two-sentence PSB is unambiguous as to the existence of a guaranty. It "designate[s] the parties, identif[ies] and describe[s] the subject matter[,] and state[s] all the essential or material terms of the contract." *DeRosis*, 641 N.Y.S.2d at 832-33 (emphasis omitted). The first sentence provides that the PSB is a personal guaranty by Oh to pay the "$1,254,499.90" owed to Foresco by Flash Ventures, Inc. App'x at 295. It designates the parties to the contract (Oh and Foresco), identifies and describes the subject matter (Flash Ventures, Inc.'s debt to Foresco), and states the amount of the guaranty ($1,254,499.90). The second sentence of the PSB, however, is ambiguous as to the existence of consideration for Oh's guaranty. The sentence states, "I try to finish discussion for detail payment in as soon as possible and promise to implement." App'x at 295. The awkwardness of the sentence is perhaps attributable to its translation from the original Korean. The PSB was drafted by Foresco.

Foresco contends that this sentence indicates consideration for Oh's guaranty by implying a promise to forbear on the enforcement of Flash Venture, Inc.'s debt until Oh and

Foresco have agreed on a payment method. That is an arguable implication, but the sentence is ambiguous as to whether Foresco has agreed to forbear enforcement of Foresco's debt. Both sides contend that extrinsic evidence is available to support their interpretations of the sentence. Under these circumstances, the issue of whether the guaranty is supported by consideration must be remanded for trial.

Accordingly, the judgment of the district court hereby is VACATED and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk