■ MARGARET E. PASS, as Administratrix of the Estate of SAM W. PASS, Deceased, Respondent, v. B.S.F. Co., Appellant, et al., Defendants. — Order, Supreme Court, New York County, entered June 16, 1972, unanimously reversed, on the law and the facts, without costs and without disbursements, and motion to take the deposition of Maurice Goodman as a witness in the action granted. Defendant upon a motion for summary judgment obtained an affidavit from Maurice Goodman. Upon the return of the motion defendant was confronted with another affidavit from the same affiant giving a different and quite contradictory version of the operative facts. Defendants promptly moved to depose the witness. We believe that these facts constitute special circumstances entitling the defendant to examine. Concur — Markewich, J. P., Kupferman, Murphy, McNally and Steuer, JJ.

■ MARGARET E. PASS, as Administratrix of the Estate of SAM W. PASS, Deceased, Respondent, v. B.S.F. Co. et al., Appellants. — Order, Supreme Court, New York County, entered July 18, 1972, denying defendants' motion for summary judgment, unanimously affirmed, without costs and without disbursements. Whether the claim here comes within the bar of the Statute of Frauds is a question of fact. If the block of stock for which plaintiff was allegedly commissioned to find a purchaser represented actual control, though not a numerical majority of the outstanding shares, this would be a " business opportunity." Whether or not a block of stock less than 50% of the issued

stock does in any particular instance represent actual control is a question of fact. An issue being presented, the motion was properly denied. Concur — Markewich, J. P., Kupferman, Murphy, McNally and Steuer, JJ.