■ VALERY M. SHAKESPEARE, Respondent, v FINE ARTS DEVELOPMENT LABORATORIES CO-OPERATIVE, INC., et al., Appellants.—Judgment and order (one paper), Supreme Court, New York County, entered December 4, 1978, is unanimously modified, on the law, to the extent of striking the second decretal paragraph, and amending the first decretal paragraph to read, "ORDERED, that plaintiff's motion for summary judgment on the fourth cause of action is granted to the extent indicated herein, and that said cause of action is severed; and it is further;", and plaintiff's motion for summary judgment on the first cause of action is denied, and the judgment—order is otherwise affirmed, without costs. The first cause of action in the complaint seeks the issuance by defendant corporation of a recognition agreement to enable plaintiff, a tenant shareholder, to borrow money from a bank. The proprietary lease provides that in certain specified circumstances (whose existence is not here disputed) the lessor (defendant corporation) shall not "unreasonably refuse" to enter into a recognition agreement. We do not agree with plaintiff's contention that compliance with the specified conditions deprives the corporation of any discretion with respect to the issuance of the recognition agreement. We think the fair meaning of the language is that when the specified conditions exist, the corporation may "not unreasonably," i.e., reasonably refuse. The record in this case does not establish sufficiently clearly as a matter of law that the corporation's refusal to enter into a recognition agreement is unreasonable. Therefore, plaintiff was not entitled to summary judgment thereon. For one thing, the record does not make clear exactly what the recognition agreement agrees to. Presumably, at a minimum, it would estop the corporation from disputing the validity of plaintiff's status as a shareholder and proprietary tenant. We do not know whether it would also contain any representations as to the status of any claims between the corporation and plaintiff. In *Fine Arts Dev. Labs. v Shakespeare* (71 AD2d 591), we have sustained a complaint in which, among other things, the corporation seeks to cancel plaintiff's stock interest and proprietary leasehold, as well as damages. There are sufficient evidentiary statements in the opposing affidavits to present a triable issue of fact as to whether the corporation's claims have any validity, and thus as to whether defendant corporation was acting reasonably in refusing to issue the recognition agreement. Although the notice of appeal also specifies an appeal from the grant of summary judgment on the fourth cause of action granting plaintiff a limited inspection of defendant corporation's books and records, that issue is not argued in the briefs and is therefore deemed abandoned. Concur—Sullivan, J. P., Bloom, Lupiano, Silverman and Ross, JJ.