BUSHKIN ASSOCIATES, INC., Respondent, v UNITED STATES
FILTER CORPORATION, Appellant.

First Department, March 5, 1981

APPEARANCES OF COUNSEL

*Charles G. Mills* of counsel *(Eaton, VanWinkle & Green-spoon,* attorneys), for appellant.

*Lawrence Kill* and *Jerold Oshimsky* of counsel *(Anderson Russell Kill & Olick, P. C.,* attorneys), for respondent.

OPINION OF THE COURT

SILVERMAN, J.

This is an appeal from an order of the Supreme Court denying defendant's motion for summary judgment dismissing the complaint on the ground of the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 10). We hold that the action is barred by the Statute of Frauds, and that defendant's motion for summary judgment should have been granted.

The action is essentially for a finder's fee. Plaintiff

alleges that at a meeting between defendant's president, Mr. Rich, and plaintiff's president, Mr. Bushkin, an oral agreement was made that defendant would pay plaintiff a fee of 1% if defendant made an investment which plaintiff recommended; and that plaintiff then recommended an investment in a company called Koehring Company. Something over a year later defendant acquired 23% of the outstanding common stock of Koehring for a price of approximately $16,900,000 (of which approximately $16,800,000 represented the aggregate purchase price of stock acquired in privately negotiated transactions with major stockholders of Koehring).

Section 5-71 (subd a, par 10) of the General Obligations Law, the finder's fee paragraph, requires a note or memorandum in writing subscribed by the party to be charged of "a contract to pay compensation for services rendered in negotiating * * * the purchase * * * of a business opportunity, business, * * * or an interest therein, including a majority of the voting stock interest in a corporation * * *. 'Negotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction."

There have been full depositions and it appears there is no note or memorandum in writing sufficient to satisfy the Statute of Frauds, nor does the case fall within one of the stated exceptions to this subdivision.

The Law Revision Commission recommending the enactment of this statute said: "The nature of the transactions is such that, in the absence of the requirement of a writing, unfounded and multiple claims for commissions are frequently asserted, and employers often seek to escape liability by denying the fact of employment. These controversies are commonly resolved by juries on conflicting testimony, with the consequent danger of erroneous verdicts." (1949 Report of NY Law Rev Comm, p 615 [NY Legis Doc 1949, No. 65(G)].)

In considering the meaning of the phrase "business opportunity" as used in the statute, the Court of Appeals said in *Minichiello v Royal Business Funds Corp.* (18 NY2d 521, 527): "The phrase 'including a majority of the voting stock interest' in no way limits the application of the pre-

ceding language." Again the Court of Appeals has indicated that the statute applied "where, as in the instant case, the intermediary's activity is so evidently that of providing 'know-how' or 'know-who', in bringing about between principals an enterprise of some complexity or an acquisition of a significant interest in an enterprise" *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 267).

In the present case, the Koehring Company had annual revenues from operations of over $350 million; the price paid for 23% of its voting common stock was about $16,900,000. Koehring has 8,812 stockholders. Only one stockholder other than defendant owns more than 5% of any class of stock, and that stockholder owns 13.3% of a class of preferred stock. Defendant now has two individuals on the Koehring board of directors.

In our view, as a matter of law, the interest in Koehring acquired by defendant was a "significant interest in an enterprise" *(Freedman v Chemical Constr. Corp., supra,* p 267), constituting a "business opportunity" or interest in a business within the meaning of section 5-701 (subd a, par 10) of the General Obligations Law, and therefore a writing was required. This is true whether or not defendant's acquisition may be deemed only an "investment" for purposes of Federal securities law; and whether or not for those purposes defendant may be deemed a "controlling person".

The order of the Supreme Court, New York County (M. B. KLEIN, J.), entered May 5, 1980, denying defendant's motion for summary judgment should be reversed, on the law, with costs, defendant's motion for summary judgment dismissing the complaint should be granted, and judgment is directed dismissing the complaint, with costs, on the ground of the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 10).

KUPFERMAN, J. P. (dissenting). I would affirm.

This is a reasonable claim with none of the failings set forth in the statement of the Law Revision Commission contained in the majority opinion. There is no reason to take the matter from a jury in deciding what is a "significant interest in an enterprise". (Cf. *Dura v Walker,*

*Hart & Co.,* 27 NY2d 346; *Holender v Cammann Prods.,* 78 AD2d 233.)

The majority glosses over the fact that the defendant itself represented to the Securities & Exchange Commission and in its annual report to stockholders that the stock purchased was "an investment".

We have previously held, and Special Term relied on our holding in *Pass v B.S.F. Co.* (40 AD2d 813-814), that: "Whether or not a block of stock less than 50% of the issued stock does in any particular instance represent actual control is a question of fact."

BIRNS, SULLIVAN and MARKEWICH, JJ., concur with SILVERMAN, J.; KUPFERMAN, J. P., dissents in an opinion.

Order, Supreme Court, New York County, entered on May 5, 1980, reversed, on the law, defendant's motion for summary judgment dismissing the complaint is granted, and judgment is directed dismissing the complaint, on the ground of the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 10). Appellant shall recover of respondent $75 costs and disbursements of this appeal.