*525 OPINION OF THE COURT

Per Curiam.

The order of the Appellate Division should be affirmed, with costs.
Plaintiff’s claim that she is entitled to recover a fee for her assistance in the negotiation of a business opportunity is barred by the express terms of section 5-701 (subd a, par 10) of the General Obligations Law. That statute requires that any claim for a so-called “finder’s fee” be based upon a writing duly subscribed. Inasmuch as plaintiff is unable to prove subscription, she is statutorily precluded from recovery as a “finder” upon any express or implied agreement to pay her for her services as such.
Nor can it be said that defendant waived the protection of the statute by admitting that it had discussed the possibility of “special compensation” with plaintiff. Such an admission at most bespeaks an intention to give an employee a special award for her services and can in no way be viewed as inconsistent with defendant’s reliance upon the Statute of Frauds to protect it from plaintiff’s claim that it had entered into an independent agreement to accept plaintiff’s services as a “finder”. Hence, we do not reach and thus do not consider plaintiff’s contention that an oral admission of the existence of the alleged contract, in the course of judicial proceedings or otherwise, would operate to take the case out of the Statute of Frauds.
Finally, we find no merit in plaintiff’s contention that she was a “co-finder” with her former employer. While it is true that when two brokers or finders decide to “pool their efforts and share the benefits”, the agreement to share in the profits of the joint enterprise need not necessarily be in writing (Dura v Walker, Hart & Co., 27 NY2d 346, 350), this narrow exception to the Statute of Frauds applies only to a business enterprise “closely akin to that of joint venture”. Here, as Special Term correctly pointed out, plaintiff has come forward with no evidentiary facts which indicate the existence of any enterprise even remotely resembling a joint venture. Thus, summary judgment was properly granted to defendant and plaintiff’s claim, insofar as it was based upon the theory that she was a “co-finder”, was properly dismissed.
*526 We have examined plaintiff’s remaining contentions and have found them to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order affirmed.