■ PAUL D. STEINBERG ENTERPRISES, INC., Appellant, v STEPHAN F. DE FRANCO et al., Defendants, and WALTER J. TRILLHAASE, Respondent. — In an action, *inter alia,* to recover a finder's fee for bringing to defendant Trillhaase certain business opportunities, plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated June 13, 1984, as, upon a trial ruling granting Trillhaase's motion for summary judgment on the ground that plaintiff's claim was barred by the Statute of Frauds, dismissed plaintiff's complaint as against Trillhaase.

Judgment affirmed, insofar as appealed from, with costs.

On its appeal, plaintiff argues that defendant Stephen F. De Franco, who has defaulted, and defendant Walter J. Trillhaase entered into a joint venture to purchase Rogger Meat Packing Company, Inc. Thus, plaintiff claims that defendant Trillhaase, as a joint venturer, is responsible to pay a finder's fee to plaintiff pursuant to a written agreement executed by defendant De Franco agreeing to pay plaintiff such finder's fee. However,

plaintiff's attorney admitted during his opening statement at trial that his client did not have a written agreement for a finder's fee with defendant Trillhaase.

Plaintiff's action against defendant Trillhaase is barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [10]), which requires that any contract to pay compensation for services rendered in negotiating the purchase or a sale of a business opportunity be in writing. The written agreement between defendant De Franco and plaintiff indicates that it applies only to those parties and not to defendant Trillhaase. The agreement was not signed by defendant Trillhaase nor did it refer to any partnership or joint venture or to defendant Trillhaase as an individual. The agreement states that it is "between Inside Management Associates [the name under which plaintiff does business] and Mr. Stephan F. De Franco". It also states that it serves "to confirm our mutual understanding and agreement concerning fees to be paid to Inside Management Associates under the special circumstances where I [De Franco] act as a principal in the purchase of a business or company", and that the fee "will be paid in full at the time of closing as part of the closing instrument *by the undersigned*" (emphasis added). Furthermore, the amount of the finder's fee to be paid was one half of the standard percentage finder's fee because De Franco was an independent contractor or employee of plaintiff. Based on this evidence, and the statement of plaintiff's counsel on his opening that the agreement with De Franco had no relevance to the alleged oral agreement with Trillhaase, we find that the written agreement executed by defendant De Franco was binding only on De Franco. As a result, since plaintiff had no written agreement with defendant Trillhaase for the payment of a finder's fee, the trial court was fully justified in granting summary judgment dismissing plaintiff's complaint against defendant Trillhaase (*see, Haskins v Loeb Rhoades & Co.,* 52 NY2d 523; *Bushkin Assoc. v United States Filter Corp.,* 79 AD2d 367, *affd* 55 NY2d 763 *on opn at App Div; Rogoff v San Juan Racing Assn.,* 77 AD2d 831, *affd* 54 NY2d 883). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.