■ GERALD NEWMAN, Appellant, v CRAZY EDDIE, INC., Respondent.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Sullivan, J.), entered March 22, 1985, as granted the defendant's motion for summary judgment dismissing the complaint.

Order affirmed insofar as appealed from, without costs or disbursements.

The alleged oral agreement between the plaintiff and the defendant's president required the plaintiff to use his "know-how" and "know-who" to find and negotiate with an underwriter concerning the proposed public offering of over 30% of the defendant's common stock. Clearly, the bringing about of such an underwriting and eventual public offering, was "an enterprise of complexity" which involved the acquisition of "a significant interest in an enterprise" *(see, Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 267). Consequently, the alleged oral agreement between the plaintiff and the defendant involved the payment of compensation to the plaintiff for his services in connection with the sale of a "business opportunity", within the meaning of the Statute of Frauds set forth in General Obligations Law § 5-701 (a) (10) *(see, Freedman v Chemical Constr. Corp., supra,* at p 266; *Bushkin Assoc. v United States Filter Corp.,* 79 AD2d 367, 369, *affd* 55 NY2d 763).

Given the absence of a sufficient written memorandum of the alleged oral agreement, the plaintiff's cause of action sounding in quantum meruit is also barred by General Obligations Law § 5-701 (a) (10) *(see, Minichiello v Royal Business Funds Corp.,* 18 NY2d 521, 525, *cert denied* 389 US 820). This is not a case where a sufficient written memorandum of the agreement, which simply omits to specify the rate of compensation to be paid to the plaintiff, exists *(cf. Cohon & Co. v*

*Russell,* 23 NY2d 569, 575-576; *Blye v Colonial Corp.,* 102 AD2d 297, 299).

We further note that the alleged oral agreement which involved the exchange of the plaintiff's services for the defendant's shares of stock is also barred by the Statute of Frauds set forth in UCC 8-319 (a) *(see, Gross v Vogel,* 81 AD2d 576, 577). The plaintiff's alleged performance does not fall under the "payment" exception of UCC 8-319 (b) to the writing requirement since this alleged performance was clearly not "unequivocally referable" to the alleged oral agreement *(see, Anostario v Vicinanzo,* 59 NY2d 662, 664). Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.