■ John P. Ryan, Appellant-Respondent, v Kinderhill Corporation, Respondent-Appellant.—Weiss, J. Cross appeals from an order of the Supreme Court (White, J.), entered May 22, 1989 in Fulton County, which partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff's action seeks commissions earned in obtaining loans for defendant from certain lending institutions through the placement of promissory notes with face values totaling $12,798,500. Plaintiff is seeking a commission equal to 1.5% of the total amount. Supreme Court limited the action by barring claims for commissions on any loans in excess of the first $3,100,000 (the amount set forth in defendant's January 27, 1982 letter), finding that there were no other writings sufficient to defeat the affirmative defense of the Statute of Frauds (General Obligations Law § 5-701 [a] [10]). Supreme Court further limited plaintiff's commission claim to ½% pursuant to General Obligations Law § 5-531. These cross appeals ensued.

Plaintiff contends that a confluence of subsequent memoranda establish the underlying agreement to pay the finder's fee (see, Crabtree v Arden Sales Corp., 305 NY 48, 53-54). However, these later documents admittedly do not relate to the financing involved in this action. Moreover, these documents fail to establish all the essential terms of the agreements sought to be proved (see, supra, at 54; Merschrod v Cornell Univ., 139 AD2d 802, 805), including specifically the identification of the financial placements subject to the new

agreements *(see, Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 380).* Accordingly, the Statute of Frauds applies *(see, Haskins v Loeb Rhoades & Co.,* 52 NY2d 523) and plaintiff is limited to the commissions referred to in the January 27, 1982 letter.

Supreme Court further granted defendant's motion for summary judgment to the extent of limiting the percentage upon which the finder's fee commission is based relying on General Obligations Law § 5-531. However, we need not reach the underlying applicability of the statute because this statutory defense has not been affirmatively pleaded in the answer *(see,* CPLR 3018 [b]). Defendant's remedy is to move to amend its answer to include such an affirmative defense *(see, Raoul v Olde Vil. Hall,* 76 AD2d 319, 333). It was therefore premature to address the issue *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3018.16-3018.18; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:21, C3018:22, at 154-155).

Order modified, on the law, without costs, by reversing so much thereof as limited plaintiff's commission upon an unpleaded affirmative defense, and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.