■ ARTHUR GOLDFINGER, Appellant, v ELIOT H. BROWN et al., Respondents.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated June 15, 1989, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The alleged oral agreement between the plaintiff and the defendants provided that the plaintiff would be employed by the corporate defendant as sales manager. At the end of a six-month trial period, the parties would enter into a formal written agreement whereby the plaintiff would be afforded the opportunity over an 18-month period, to purchase up to 49% of the outstanding stock of the corporate defendant, all of which was then owned by the defendant Brown. Either party could terminate the agreement within the first six months of the plaintiff's employment on two weeks' notice.

At the end of the six-month trial period, Brown declined to execute a written agreement for the sale of the stock. Thereaf-

ter, at the plaintiff's urging, the parties orally "restated" their original oral agreement. Two weeks after the oral agreement was "restated", the plaintiff's employment was terminated and Brown disaffirmed the oral agreement regarding the stock purchase. This action ensued.

It is the defendants' contention that the discussions concerning the plaintiff's stock purchase never proceeded beyond the negotiation phase, and that a final agreement was never reached.

The trial court erred in its determination that the subject oral agreement was not one that could be performed within one year and was thus barred by the Statute of Frauds as set forth in General Obligations Law § 5-701 (a). It was possible that this agreement could be fully performed by termination within the six-month trial period or, thereafter, by a stock purchase. However, this transaction was barred by the Statute of Frauds contained in UCC 8-319 (a) *(see, Gross v Vogel,* 81 AD2d 576), and not subject to any of the exceptions therein. Furthermore, the plaintiff's work as sales manager was not "unequivocally referable" to the alleged oral agreement to sell him shares of the corporate defendant *(see, Anostario v Vicinanzo,* 59 NY2d 662, 664).

Finally, the plaintiff argues that certain memoranda generated by the defendant Brown outlining their agreement constituted writings sufficient to satisfy the Statute of Frauds. Inasmuch as none of these writings is signed by the party to be charged, this contention is unavailing *(see, Fox Co. v Kaufman Org.,* 74 NY2d 136; *Crabtree v Arden Sales Corp.,* 305 NY 48). Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.