■ CYNTHIA A. DILLON, Appellant, v ELSA PERETTI, Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered September 7, 1990, which, *inter alia,* granted defendant's motion for summary judgment dismissing plaintiff's complaint (CPLR 3212), unanimously affirmed, without costs.

Plaintiff, who was fired as president of Kuma Enterprises, Inc. (Kuma) in 1988, presents at least three inconsistent versions of an alleged oral agreement whereby plaintiff asserts that she was to receive an interest in Kuma, a business owned by defendant, in exchange for plaintiff's work as president of Kuma.

Plaintiff states that the alleged oral agreement was breached by defendant in February, 1983. As the instant action was commenced in September, 1989, the action, to which a six-year statute of limitations applies (CPLR 213 [1]) is clearly time-barred. *(See, e.g., Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 80.) While plaintiff attempts to extend the statute of limitations by asserting that

restatements or reconfirmations of the alleged oral agreement occurred after September, 1983, none of the alleged restatements or reconfirmations are in writing or signed by the party to be charged. *(See,* General Obligations Law § 17-101; *see, Scheuer v Scheuer,* 308 NY 447, 452.)

Plaintiff's claim is also barred by the statute of frauds since it involves a contract for the sale of securities which is not sufficiently evidenced in writing or signed by the party against whom it is being enforced. (UCC 8-319.)

Finally, as the alleged oral agreement is too vague to ascertain the material terms of the contract, it is not capable of being enforced. *(See, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109.) Concur—Murphy, P. J., Carro, Rosenberger, Wallach and Ross, JJ.