■ SANDRA HART, Appellant, v WINDJAMMER BAREFOOT CRUISES, LTD., et al., Respondents. [632 NYS2d 100] —Order, Supreme Court, New York County (Herman Cahn, J.), entered March 18, 1994, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although timely brought, plaintiff's cause of action for breach of an alleged oral contract involving an exchange of her services for a share of defendant's corporate stock is barred by the Statute of Frauds contained in UCC 8-319 (*see*, *Dillon v Peretti*, 176 AD2d 497, 498; *Goldfinger v Brown*, 169 AD2d 702, 703). That plaintiff worked 20 years for defendants without any salary and without even asking what her share of the corporate stock would be or when she would receive it is not unequivocally referable to the alleged oral contract (*see*, *Anostario v Vicinanzo*, 59 NY2d 662, 664). Nor do her allegations that she resigned her position with another company in order to work for defendants support a claim of promissory estoppel (*see*, *Cunnison v Richardson Greenshields Sec.*, 107 AD2d 50, 52-54). In any event, even assuming the Statute of Frauds did

not apply, the alleged agreement to make plaintiff a "part of the Windjammer family" is too vague to be capable of enforcement (*see, Martin Delicatessen v Schumacher*, 52 NY2d 105, 109), making plaintiff at best an employee at will subject to termination for any reason or no reason (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300-301). Finally, plaintiff's vague allegations are devoid of the details necessary to support a claim of fraud (*see, Mariani v Dyer*, 193 AD2d 456, *lv denied* 82 NY2d 658), and are also unsupported by proof that defendants never intended to fulfill their alleged promise (*see, Brown v Lockwood*, 76 AD2d 721, 731-732). Concur—Sullivan, J. P., Kupferman, Williams and Tom, JJ.