■ JAMES L. FALLON et al., Appellants, v ROBERT F. McKEON et al., Respondents. [646 NYS2d 109] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered February 16, 1995, which granted defendants' motion to dismiss the second amended complaint, unanimously affirmed, without costs.

The complaint was properly dismissed as the oral partnership agreement alleged by plaintiff, purportedly entitling him to 50% of the stock of defendant KFS Service Inc., is void and unenforceable under the Statute of Frauds contained in UCC 8-319 (*see, Hart v Windjammer Barefoot Cruises*, 220 AD2d 252; *Goldfinger v Brown*, 169 AD2d 702). Plaintiff's contributions to the development of the signature guaranteeing program, known originally as "SignaSure," while substantial, do not constitute sufficient part performance of the oral agreement to remove the bar of the Statute of Frauds, since those actions were not "unequivocally referable" to an agreement which would provide plaintiff with half ownership of the program, or the corporation which administers it (*see, Anostario v Vicinanzo*, 59 NY2d 662; *Newman v Crazy Eddie*, 119 AD2d 738).

Although the IAS Court properly dismissed the fourth and fifth causes of action for breach of fiduciary trust and breach of partnership, since they both were clearly based on the unenforceable partnership agreement, the court erroneously concluded that the remaining causes of action were subject to dismissal on that basis as well (*see, Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 408). However, these claims were deficient for other reasons, and thus were properly dismissed. The cause of action for fraud was properly dismissed since it fails to allege a breach of duty distinct from that arising from the oral agreement (*see, Mastropieri v Solmar Constr. Co.*, 159 AD2d 698, 700). Additionally, the mere allegation that

defendant McKeon did not intend to honor his contractual obligations does not convert what was essentially a breach of contract action into an action for fraud (*see, Tannehill v Paul Stuart, Inc.*, 226 AD2d 117). The amended complaint fails to state a cause of action for prima facie tort since it fails to allege facts demonstrating that defendants' actions were motivated solely by an intent to injure plaintiff (*see, WFB Telecommunications v NYNEX Corp.*, 188 AD2d 257, 258-259, *lv denied* 81 NY2d 709). Finally, the amended complaint also fails to make out a claim for unjust enrichment, since instead of identifying the reasonable value of services rendered by plaintiff on behalf of the SignaSure program and KFS, plaintiff simply claims damages identical to the other four causes of action, which in form, request gross revenues from the program. Although plaintiff asserts that such request is merely an estimate, the damage claim renders this cause of action indistinguishable from the others, and therefore insufficient (*see, Bauman Assocs. v H & M Intl. Transp.*, 171 AD2d 479, 484). Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.