■ Akbar Himani et al., Appellants, v Yusuf Mojawalla et al., Respondents. [649 NYS2d 157] —In an action, *inter alia,* for an accounting, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Kohn, J.), entered May 24, 1995, which granted the defendants' motion for summary judgment and dismissed the complaint on the ground of the Statute of Frauds.

Ordered that the order and judgment is affirmed, with costs.

The individual defendants own and operate newsstands at Long Island Rail Road stations pursuant to a license granted to the corporate defendant Newsstation, Inc. Approximately one year after the license was granted, the plaintiffs, who had prepared the bid proposal submitted by the defendants, commenced this action claiming, among other things, 50% of the shares of stock in the business pursuant to a purported oral agreement with the defendants. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint as barred by the Statute of Frauds. We affirm.

The plaintiffs are correct in arguing that Business Corporation Law § 503 (b) is inapplicable here (*see, Matter of Estate of Purnell v LH Radiologist,* 228 AD2d 360; *Beck v Motler,* 42

AD2d 1020). However, the action is barred by the Statute of Frauds set forth in UCC 8-319, which provides that "a contract for the sale of securities is not enforceable * * * unless (a) there is some writing signed by the party against whom enforcement is sought". The plaintiffs submitted no writing to evidence the alleged agreement. Indeed, the documents submitted to the court, including the proposal prepared by the plaintiffs, clearly state that the defendants are the sole shareholders of Newsstation, Inc.

Moreover, the plaintiffs' preparation of the proposal does not " 'unequivocally refer' " to the alleged agreement so as to excuse the absence of a writing under the performance exception to the Statute of Frauds (*Anostario v Vicinanzo,* 59 NY2d 662, 664; *Hart v Windjammer Barefoot Cruises,* 220 AD2d 252; *Goldfinger v Brown,* 169 AD2d 702; *Newman v Crazy Eddie,* 119 AD2d 738; *Gross v Vogel,* 81 AD2d 576). While the alleged agreement may "give[ ] significance" to the plaintiffs' actions, the actions are not " 'unintelligible or at least extraordinary', explainable only with reference to the oral agreement" (*Anostario v Vicinanzo,* 59 NY2d 662, 664, *supra,* quoting *Burns v McCormick,* 233 NY 230, 232).

The plaintiffs' cause of action for an accounting was properly dismissed since it was dependent upon proof of the alleged agreement. Bracken, J. P., Thompson, Sullivan and McGinity, JJ., concur.