■ BAYTREE ASSOCIATES, INC., et al., Respondents, v WILLIAM D. FORSTER et al., Appellants, et al., Defendants. [659 NYS2d 19] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 10, 1996, which, *inter alia*, granted plaintiffs'

motions to strike defendants' jury demand and to limit cross-examination at trial of plaintiffs' sole principal and denied defendants' cross-motion, based on the Statute of Frauds, for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the cross-motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Summary judgment was appropriate here since plaintiffs failed to raise a triable issue of fact sufficient to defeat defendants' Statute of Frauds defense. The alleged oral agreement was nothing more than a finder's agreement, void under the Statute of Frauds at General Obligations Law § 5-701 (a) (10), and plaintiffs' attempts to characterize it, alternatively, as a shareholders', partnership or joint venture agreement, or to assert that their alleged partial performance of the oral agreement removed it from the Statute's ambit, are to no avail.

The motion court was correct in its finding that none of the writings relied upon by plaintiffs was sufficient to satisfy the Statute, but erred in finding a material issue of fact as to the nature of the alleged agreement. The record clearly indicates that what plaintiffs provided was "know-who", in acting as an intermediary between the principals of the transaction in question, thus bringing the agreement within the "finder" provision of the Statute, subdivision (a) (10) (*see, Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 266-267; *Meyer v Shearson Lehman Bros.*, 211 AD2d 541; *Howard-Sloan Legal Search v Todtman, Young, Tunick, Nachamie, Hendler & Spizz*, 193 AD2d 404; *Hamilton & Assocs. v Gibbons Green & van Amerongen*, 169 AD2d 554; *Bushkin Assocs. v United States Filter Corp.*, 79 AD2d 367, *affd* 55 NY2d 763). The alleged oral agreement is not enforceable, since it violates UCC 8-319, the securities Statute of Frauds (*see, Hart v Windjammer Barefoot Cruises*, 220 AD2d 252; *Dillon v Peretti*, 176 AD2d 497). The letter agreement dated February 13, 1995 did not give plaintiffs enforceable rights as claimed due to the failure to state, *inter alia*, the quantity and price of the shares to which plaintiffs purport to be entitled (UCC 8-319). Moreover, the record shows that the alleged oral agreement did not create a partnership or joint venture, since certain key terms of such an agreement—the sharing of profits and losses, joint control and management of the company, and contribution of capital—were not established (*see, Haskins v Loeb Rhoades & Co.*, 52 NY2d 523, 525; *Chanler v Roberts*, 200 AD2d 489, *lv denied* 84 NY2d 903; *Mendelson v Feinman*, 143 AD2d 76).

The motion court also erred in finding a material issue of

fact as to whether plaintiff Baytree's alleged part performance of the oral agreement was sufficient to satisfy the Statute of Frauds. The law of this State requires that "[t]he doctrine of part performance may be invoked only if plaintiff's actions can be characterized as 'unequivocally referable' to the agreement alleged. It is not sufficient * * * that the oral agreement gives significance to plaintiff's actions. Rather, the actions alone must be 'unintelligible or at least extraordinary', explainable only with reference to the oral agreement [citations omitted]" (*Anostario v Vicinanzo*, 59 NY2d 662, 664).

Here, Baytree's actions in introducing the parties and in assisting defendant Fortune with its Regulation S offering and with its public offering of common stock are not, as a matter of law, "unequivocably referable" to the alleged oral agreement. Alternative explanations exist for Baytree's conduct in that it is in the business of assisting corporations with Regulation S offerings and its performance in satisfaction of its obligations under the written Regulation S agreement would entitle it to commissions from purchasers of the offering and to payment of a finder's fee if it procured any such purchaser who also invested in Fortune. The Regulation S agreement made no reference to the alleged oral agreement or the letter agreement. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.