■ STUART NEEDEL, Appellant-Respondent, v DAVID M. FLAUM et al., Respondents-Appellants. [670 NYS2d 285] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of defendants' motion for summary judgment dismissing the first, third, fourth and fifth causes of action. In April 1993 the Galleries of Syracuse (Galleries), a building with multiple tenants, was acquired by

Onondaga Galleries Corporation (Onondaga), a corporation formed by defendant David M. Flaum (Flaum), a developer. Plaintiff alleges that for two years he helped Flaum lay the groundwork for the acquisition and that Flaum then reneged on a promise to make him a 10% partner in the enterprise. The complaint states causes of action for breach of contract, unjust enrichment, breach of fiduciary duty, deceptive business practices and fraud.

Whether the alleged agreement was to make plaintiff an owner of the Galleries, as plaintiff initially believed, or a shareholder in Onondaga, pursuant to a subsequent offer by Flaum, the Statute of Frauds applies. General Obligations Law § 5-703 (3) provides that "[a] contract to devise real property * * * or any interest therein or right with reference thereto, is void unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his lawfully authorized agent." Similarly, UCC 8-319 bars enforcement of an oral contract involving the exchange of services for an equity interest in a corporation (*see, Fallon v McKeon*, 230 AD2d 629; *Hart v Windjammer Barefoot Cruises*, 220 AD2d 252). Plaintiff characterizes his oral agreement with Flaum as a partnership agreement or a joint venture and thus contends that the Statute of Frauds does not apply (*see, Prince v O'Brien*, 234 AD2d 12; *Unicorn Enters. v Stonewall Contr. Corp.*, 232 AD2d 404, 405). However, the essence of a partnership or joint venture is a community of interest that manifests itself in mutual control and an agreement to share the burden of losses (*see, Kyle v Ford*, 184 AD2d 1036; *Natuzzi v Rabady*, 177 AD2d 620, 622). Defendants established that there was neither a sharing of control nor provision for the apportionment of losses, and plaintiff failed to raise an issue of fact in response.

In any event, there is no proof of a contract, oral or otherwise, to make plaintiff an equity partner. At best, there are unenforceable agreements to agree (*see, Liberty Moving & Stor. Co. v Bay Shore Moving & Stor.*, 152 AD2d 682, 684, *lv denied* 75 NY2d 701). By his own admission, plaintiff rejected an initial agreement when it was reduced to writing, and it is clear that the parties never intended to be bound without a signed written agreement (*see, Rogers v Mattucci*, 230 AD2d 725, *lv denied* 89 NY2d 816).

Without an enforceable contract, plaintiff has no cause of action for breach of contract or breach of fiduciary trust (*see, Fallon v McKeon, supra*). The cause of action for fraud was properly dismissed because there is no proof of a breach of

duty distinct from that arising from the alleged oral agreement (*see, Fallon v McKeon, supra*), nor proof that Flaum did not intend from the outset to fulfill his alleged promise (*see, Hart v Windjammer Barefoot Cruises, supra*, at 253; *Harrington v Murray*, 169 AD2d 580, 582). Plaintiff has not addressed on appeal the dismissal of the fourth cause of action alleging deceptive business practices and thus is deemed to have abandoned that issue (*see, Ciesinski v Town of Aurora*, 202 AD2d 984).

We reject the argument of defendants on their cross appeal that the court erred in failing to dismiss the second cause of action for unjust enrichment (*see, Farash v Sykes Datatronics*, 59 NY2d 500, 506; *Bradkin v Leverton*, 26 NY2d 192, 199). Furthermore, the incorporation of Onondaga did not cut off any claim plaintiff had against Flaum and defendant Flaum Management Company, Inc. (*cf., Judelson v Weintraub*, 55 AD2d 906). (Appeals from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.