■ JOSEPHTHAL HOLDINGS, INC., et al., Respondents, v SCOTT WEISMAN et al., Appellants. (And Another Action.) [773 NYS2d 398]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered February 5, 2003, which, to the extent appealed from, denied defendants' motion for partial summary judgment and granted plaintiffs' motion insofar as to award them summary judgment (1) on their breach of contract claim based on certain promissory notes, (2) dismissing defendants' counterclaims and setoffs with regard to the promissory notes, and (3) dismissing defendants' counterclaims and defenses based on their alleged 5% ownership of shares in plaintiff corporations, unanimously affirmed, with costs.

The motion court properly dismissed defendants' counterclaims and defenses based on defendants' alleged 5% ownership in the plaintiff corporations. The record demonstrates that the offer to sell defendants shares sufficient to support defendants' 5% ownership claim was subject to the execution of certain notes by defendants in favor of plaintiffs, and that those notes were never executed. Contrary to defendants' argument, this case does not present such "exceptional circumstances" as would warrant estopping plaintiffs from denying defendants' ownership of the shares in question (*see Matter of Heisler v Gingras*, 90 NY2d 682, 686-687 [1997]).

The court properly found that defendants had breached the notes signed in connection with their purchase of a first set of shares. It is uncontested that defendants ceased payments on these notes. Although defendants contend that their payment obligations under these notes were orally modified, the pledge agreement, to which the notes were subject, prohibited oral modification of the notes (*see* General Obligations Law § 15-301 [1]), and no triable issue is raised as to whether the alleged oral agreement may be removed from the statute of frauds by reason of part performance unequivocally referable thereto (*see Baytree*

*Assoc. v Forster*, 240 AD2d 305, 307 [1997], *lv denied* 90 NY2d 810 [1997]). Nor did plaintiffs waive any right to declare a default by not exercising such right earlier, since the notes and pledge agreement clearly provide that defendants waived "presentment, demand, protest and notice of dishonor" and that no delay in exercising any right or power would operate as a waiver. Defendants' counterclaims and setoffs relating to these notes were properly dismissed, since the notes clearly prohibited such claims.

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.