■ JOHN KINGSTON, Respondent, v MICHAEL BRESLIN et al., Appellants. [807 NYS2d 315]—In an action, inter alia, for a judgment declaring that the plaintiff is a shareholder of the defendant Atlantic-Heydt Corporation and its affiliates, the defendants appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 27, 2004, which denied their motion for summary judgment.

In an action, inter alia, for a judgment declaring that the plaintiff is a shareholder of the defendant Atlantic-Heydt Corporation and its affiliates, the defendants appeal from a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered October 29, 2004, which, after a nonjury trial, declared that the plaintiff is a 15% owner of the defendant Atlantic-Heydt Corporation and its affiliates.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, the order of the Supreme Court, Westchester County, entered May 27, 2004, denying the defendants' motion for summary judgment is modified accordingly, and it is declared that the plaintiff is not a shareholder of the defendant Atlantic-Heydt Corporation and its affiliates.

The alleged oral agreement between the plaintiff and the defendant Michael Breslin, that the plaintiff was a 15% share-

holder of the defendant Atlantic-Heydt Corporation and its affiliates, is not enforceable, since it violated UCC 8-319, the securities statute of frauds, which was in effect at all relevant times (*see Hart v Windjammer Barefoot Cruises*, 220 AD2d 252 [1995]; *Dillon v Peretti*, 176 AD2d 497 [1991]). The letters dated October 5, 1998, and March 25, 1999, respectively, did not give the plaintiff enforceable rights as claimed due to the failure to state, inter alia, the price of the shares to which the plaintiff purports to be entitled (*see* UCC 8-319; *Baytree Assoc. v Forster*, 240 AD2d 305 [1997]).

The defendants' remaining contentions are either without merit or have been rendered academic in light of our determination. Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.