■ Francis V. Adams, M.D., Respondent, v Margaret Lewin, M.D., FACP, Appellant. [899 NYS2d 215]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 11, 2009, which granted plaintiff's motion for summary judgment to the extent of declaring valid and enforceable the sublease between the parties and nullifying defendant's purported cancellation thereof, finding defendant liable, in an amount to be determined at trial, for unpaid rent and other charges through the end of the sublease term, and dismissing defendant's counterclaims, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff leased medical office space at 650 First Avenue in Manhattan. He then subleased a portion of the space to defendant for use as a medical office, the term to run from September 15, 2005 to August 31, 2012. Paragraph 22 of the sublease contains a cancellation provision that, as pertinent here, permits defendant to cancel, by written notice, "for cause other than Undertenant's relocation of her medical practice within the New York City Metropolitan area." The term "for cause" is not defined or otherwise used in the sublease. Paragraph 22 also provides that "[i]n consideration of [the right to terminate] Undertenant agrees that the Overtenant . . . may retain the three (3) months security deposit held by him as liquidated damages."

According to defendant, in January 2008, she was diagnosed with terminal leukemia, making it unlikely that she would survive until the end of the sublease term. Defendant asserts that upon learning of her diagnosis, she planned to move to California to be near her son. She orally notified plaintiff of her intention to cancel the sublease, and followed up with a written notice of cancellation on March 18, 2008. Her circumstances changed when she learned that were she to shut down her medical practice and move to California, she and her disabled husband would lose access to health insurance for at least 11 months. She thus decided to join an existing medical practice group elsewhere in Manhattan, to ensure continued access to health insurance. She maintains as well that she could not continue to practice medicine in the subject premises because the health insurance policy she had obtained as a sole practitioner would terminate as soon as she closed the practice, a contingency she feared could happen suddenly and at any time given her medical condition. The record is not clear whether de-

fendant made this decision before or after her written notice on March 18. In any event, defendant asserts that she exercised her right to cancel the sublease because of her medical condition, not to relocate her practice. On April 1, 2008, plaintiff's counsel notified defendant that they had discovered she was relocating her practice within Manhattan, and rejected her purported cancellation of the sublease. This action followed.

Plaintiff's position that the cancellation provision permits cancellation only if defendant relocates her office outside the New York metropolitan area is contradicted by the provision's language. If the parties had intended such a restriction on the cancellation right, they easily could have provided that the sublease could be cancelled "only if" defendant were relocating outside of New York. As defendant contends, an alternative reading would be that cancellation can be for any "cause" except relocation within the New York metropolitan area. However, we cannot conclude as a matter of law that if the undertenant relocates within the New York City metropolitan area, he or she terminates "for cause" whenever relocating is not the reason for the decision to terminate. As the extent to which the cancellation right turns on the consequences of rather than the reasons for a decision to cancel is unclear, we find the cancellation provision ambiguous (*see generally Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 60 AD3d 61, 66-67 [2008], *affd* 13 NY3d 398 [2009]). Accordingly, "construction of the lease and resolution as to the intention of the parties must await the trier of the facts" (*Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333 [1984], *affd* 65 NY2d 732 [1985]). Concur—Gonzalez, P.J., Friedman, McGuire and Abdus-Salaam, JJ. [**Prior Case History: 2009 NY Slip Op 32833(U).**]