■ FRANK P. GUARINO, Appellant, v NORTH COUNTRY MORTGAGE BANKING CORP. et al., Respondents. [915 NYS2d 84]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohen, J.), dated August 14, 2009, as granted the defendants' cross mo-

tion for summary judgment dismissing the seventh through nineteenth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Frank P. Guarino, commenced this action against the defendants, alleging, inter alia, that he entered into an oral agreement to become a shareholder of the defendant North Country Mortgage Banking Corp. (hereinafter NCMBC), and that he paid the sum of $200,000 to the defendants Mark Ferrara and Maria Ferrara (hereinafter together the Ferraras), for which he was to receive one third of the shares of NCMBC. The Ferraras asserted that the money paid was a loan. The defendants submitted documentation including a mortgage note and mortgage agreement, showing that Guarino had loaned the Ferraras the sum of $200,000, in return for which the Ferraras granted Guarino a mortgage lien against their residence. In the order appealed from, the Supreme Court, inter alia, granted the defendants' cross motion for summary judgment dismissing the seventh through nineteenth causes of action. We affirm.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the nineteenth cause of action to recover damages for breach of contract based upon alleged nonpayment on the mortgage note by demonstrating that such claim was time-barred. The evidence showed that the note was to be paid by June 1, 1997, and Guarino did not commence the instant action until September 2006, which was more than six years later (see CPLR 213 [2]). In opposition, Guarino failed to raise a triable issue of fact. Guarino's contention that the defendants were equitably estopped from asserting the statute of limitations defense is without merit (see Reiner v Jaeger, 50 AD3d 761, 762 [2008]).

UCC 8-319, the securities statute of frauds in effect at the time of the alleged oral agreement, provided, in relevant part, that "[a] contract for the sale of securities is not enforceable . . . unless (a) there is some writing signed by the party against whom enforcement is sought." The defendants established, prima facie, that no such writing existed and, in opposition, Guarino failed to raise a triable issue of fact. Guarino submitted no writing to evidence the alleged oral agreement for shares of NCMBC. Moreover, he failed to show performance or payment that "unequivocally refer[ed]" to the alleged agreement so as to excuse the absence of a writing under the performance exception to the statute of frauds (Himani v Mojawalla, 232 AD2d 455, 456 [1996] [internal quotation marks omitted]; see Pinkava v Yurkiw, 64 AD3d 690, 692 [2009]; Newman v Crazy Eddie,

119 AD2d 738 [1986]). Guarino's actions were not "explainable only with reference to the oral agreement" (*Pinkava v Yurkiw*, 64 AD3d at 692 [internal quotation marks omitted]). Accordingly, the alleged oral agreement was not enforceable (*see Kingston v Breslin*, 25 AD3d 657, 657-658 [2006]), and the Supreme Court properly dismissed the seventh cause of action to recover damages for breach of the alleged agreement, the twelfth cause of action for an accounting, the fifteenth cause of action for an appraisal of the value of the stock, the seventeenth cause of action to recover damages for breach of the implied covenant of good faith and fair dealing, and the eighteenth cause of action for an attachment, since those causes of action were dependent upon the enforceability of the alleged oral agreement.

The Supreme Court properly granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty and constructive fraud and to impose a constructive trust. "In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct" (*Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). "The necessary elements for the imposition of a constructive trust are: (1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance on that promise; and (4) unjust enrichment" (*Maiorino v Galindo*, 65 AD3d 525, 526 [2009], citing *Sharp v Kosmalski*, 40 NY2d 119 [1976]). "A fiduciary relationship may exist when one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge, but not in an arm's-length business transaction involving sophisticated business people" (*Barrett v Freifeld*, 64 AD3d 736, 739 [2009]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of fiduciary duty (ninth and tenth) and constructive fraud (eleventh), and to impose a constructive trust (fourteenth), by showing that the Ferraras owed no fiduciary duty to Guarino, a necessary element of each of those causes of action (*see Barrett v Freifeld*, 64 AD3d at 739; *Sentlowitz v Cardinal Dev., LLC*, 63 AD3d 1137 [2009]). In opposition, Guarino failed to raise a triable issue of fact.

The Supreme Court also properly dismissed the remaining causes of action to recover damages for unjust enrichment (thirteenth), equitable lien (sixteenth), and fraud (eighth). The defendants established their prima facie entitlement to judg-

ment as a matter of law on these causes of action and, in opposition, Guarino failed to raise an issue of fact. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.