■ LINDA FELDMAN WEISS, Appellant, v KYLE MALLARY HALPERIN, Respondent, et al., Defendants. [53 NYS3d 176]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered September 3, 2014, as denied that branch of her motion which was pursuant to CPLR 3211 (a) to dismiss the counterclaims of the defendant Kyle Mallary Halperin.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) to dismiss the counterclaims of the defendant Kyle Mallary Halperin is granted.

In July 2008, the plaintiff loaned the sum of $600,000 to the defendant Kyle Mallary Halperin. The loan was evidenced by a note and mortgage secured by a parcel of real property located within the Village of Great Neck. In July 2013, the plaintiff commenced this action to foreclose the mortgage, alleging that Halperin defaulted on the loan by failing to make any payments pursuant thereto. Halperin filed an amended answer generally denying the allegations and asserting various affirmative defenses. Halperin additionally alleged that prior to executing the note and mortgage, she and the plaintiff entered into an oral agreement pursuant to which she would provide the plaintiff with legal services in lieu of paying the subject note and mortgage. Halperin further alleged that over an approximately five-year period, she and the Halperin Firm, PLLC, provided legal services to the plaintiff valued at $537,497.48, but, pursuant to the agreement, refrained from collecting that sum. Accordingly, Halperin interposed counterclaims to recover damages for unpaid legal services, and sounding in breach of contract, unjust enrichment, quantum meruit, promissory estoppel, and for an account stated and an equitable accounting.

Prior to the completion of discovery, the plaintiff moved, inter alia, pursuant to CPLR 3211 (a) to dismiss Halperin's counterclaims. Halperin opposed the motion. In an order entered September 3, 2014, the Supreme Court denied that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) to dismiss Halperin's counterclaims, and the plaintiff appeals from that portion of the order.

Accepting the facts as alleged in the amended answer as true, and according Halperin the benefit of every possible inference, dismissal of Halperin's counterclaims should have been granted, since enforcement of the alleged oral agreement, ostensibly to modify the note and mortgage, upon which all six

counterclaims rely, is barred by the statute of frauds (*see* General Obligations Law §§ 5-703 [1]; 5-1103). Contrary to Halperin's contention, she may not rely upon the doctrine of part performance, as the parties' submissions reflect that her conduct in providing legal services for the plaintiff was not unequivocally referable to the oral agreement (*see Guarino v North Country Mtge. Banking Corp.*, 79 AD3d 805, 806 [2010]; *Himani v Mojawalla*, 232 AD2d 455, 456 [1996]; *Newman v Crazy Eddie*, 119 AD2d 738, 739 [1986]). Furthermore, Halperin may not rely upon the doctrine of equitable estoppel to defeat the statute of frauds. Equitable estoppel "should be applied with great caution when dealing with realty" (*Huggins v Castle Estates*, 36 NY2d 427, 433 [1975]; *see Wallace v BSD-M Realty, LLC*, 142 AD3d 701, 702-703 [2016]). Here, Paragraph 17 of the note and mortgage states that the agreement "may not be changed or ended orally." Accordingly, Halperin would not have been justified in relying on the oral agreement to modify its terms (*see* General Obligations Law § 15-301 [1]; *Sparks Assoc., LLC v North Hills Holding Co. II, LLC*, 94 AD3d 864, 865-866 [2012]).

In light of our determination, we need not consider the plaintiff's remaining contentions.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) to dismiss Halperin's counterclaims. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.