Ladder Capital Fin. LLC v 1250 N. SD Mezz LLC (2022 NY Slip Op 07298)

Ladder Capital Fin. LLC v 1250 N. SD Mezz LLC

2022 NY Slip Op 07298

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 650848/20 Appeal No. 16963 Case No. 2022-00717 

[*1]Ladder Capital Finance LLC, Plaintiff-Respondent,
v
1250 North SD Mezz LLC, et al., Defendants-Appellants, San Diego Hotel Circle Mezzanine, LLC, et al., Defendants.
1250 North SD MEZZ LLC, Counterclaim Plaintiff-Appellant, 1250 North Investments LLC, et al., Counterclaim Plaintiffs,
v
Ladder Capital Finance LLC, Counterclaim Defendant-Respondent.

Blank Rome LLP, New York (Harris N. Cogan of counsel), and Blank Rome LLP, Los Angeles, CA (Arash Beral of the Bar of the State of California, admitted pro hac vice, of counsel), for 1250 North SD Mezz LLC, appellant.
Fox Rothschild LLP, New York (Mitchell Berns of counsel), for Graham Hershman and Michael Payne, appellants.
Polsinelli PC, New York (Bradley R. Gardner of counsel), for respondent.

Order, Supreme Court, New York County (Robert Reed, J.), entered on or about January 10, 2022, which, insofar appealed from as limited by the briefs, granted plaintiff/counterclaim defendant's motion to dismiss the first and second counterclaims and denied defendants Graham Hershman and Michael Payne's motion to dismiss the complaint, unanimously modified, on the law, to deny plaintiff's motion to dismiss parts (a)-(d) of the first counterclaim, and otherwise affirmed, without costs.
Defendants-appellants (hereinafter defendants) contend that nonparty PHRI, LLC is not a "Restricted Party" under the loan agreement; hence, the transfer of interests in PHRI did not constitute an event of default. It is unclear whether PHRI is in Control of the Borrower or Sole Member and, hence, whether it is a Restricted Party.
A contract is ambiguous if "language is susceptible of two reasonable interpretations" (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014] [internal quotation marks omitted]). Plaintiff's interpretation — that PHRI controls the Sole Member because PHRI manages nonparty PH San Diego Hotel Circle, LLC (PHSD), which is the Managing Member of the Sole Member — is reasonable. On the other hand, defendants' interpretation — that PHRI does not control the Sole Member because PHSD cannot make 24 categories of Major Decisions without the consent of nonparty SD Hotel Investments LLC — is also reasonable (see USHA SOHA Terrace, LLC v Robinson Brog Leinwand Greene Genovese & Gluck, P.C., 2014 NY Slip Op 31813[U], *6-7 [Sup Ct, NY County 2014]).
Because the loan agreement is ambiguous on this point, the court properly denied Hershman and Payne's motion to dismiss the complaint (see Adams v Lewin, 72 AD3d 564, 566 [1st Dept 2010]; see also Pass v B.S.F. Co., 40 AD2d 813, 813-814 [1st Dept 1972] ["Whether or not a block of stock less than 50% of the issued stock does in any particular instance represent actual control is a question of fact"]).
However, the court should have denied plaintiff's motion to dismiss the first counterclaim. Section 11.12 of the loan agreement does not bar parts (a) through (d) of the first counterclaim. Those parts are not rooted in any claim that plaintiff "acted unreasonably or unreasonably delayed acting in any case where, by law or under the Loan Documents, [plaintiff] . . . ha[d] an obligation to act reasonably or promptly."
The court properly dismissed the second counterclaim (for breach of the implied covenant of good faith and fair dealing) as duplicative of the first counterclaim (for breach of contract) (see e.g. Mill Fin., LLC v Gillett, 122 AD3d 98, 104 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022