Adler Windows, Inc. v Freidheim (2024 NY Slip Op 05396)

Adler Windows, Inc. v Freidheim

2024 NY Slip Op 05396

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ. 

Index No. 650194/21 Appeal No. 2956 Case No. 2023-05700 

[*1]Adler Windows, Inc., Plaintiff-Appellant-Respondent,
v
Stephen Freidheim, Defendant-Respondent-Appellant.

Falcon Rappaport & Berkman, LLP, Rockville Centre (Robert N. Zausmer of counsel), for appellant-respondent.
Law Offices of Martin Eisenberg, White Plains (Martin Eisenberg of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about October 10, 2023, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the complaint, sua sponte dismissed defendant's counterclaim, and denied defendant's request for attorneys' fees, unanimously modified, on the law, to reinstate plaintiff's breach of contract cause of action and defendant's counterclaim, and otherwise affirmed, without costs.
Supreme Court should have denied defendant's motion for summary judgment with respect to plaintiff's breach of contract cause of action, as plaintiff sufficiently raised issues of fact with respect to damages (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). During discovery, plaintiff provided interrogatory responses and produced admissible documentary and testimonial evidence regarding the contract price, plaintiff's estimated costs of performance, and defendant's nonpayment. In addition plaintiff's director of business development, testified at his deposition that the proffered documents were generated in the ordinary course of business, and he gave details regarding the project costs contained within the documents. Since the parties entered into a fixed-price construction contract where defendant allegedly prevented performance, plaintiff adequately proffered evidence raising a factual issue about damages (see New Era Homes Corp. v Forster, 299 NY 303, 307 [1949]).
Supreme Court properly dismissed plaintiff's remaining claims of quantum meruit and unjust enrichment, as plaintiff never produced evidence during discovery quantifying its actual job costs to support the quantum meruit cause of action in response to defendant's discovery demands (see Najjar Indus. v City of New York, 87 AD2d 329, 331-332 [1st Dept 1982], affd 68 NY2d 943 [1986]). Moreover, despite a discovery demand, plaintiff failed to furnish evidence quantifying "the reasonable value of services rendered" supporting its unjust enrichment cause of action (Fallon v McKeon, 230 AD2d 629, 630 [1st Dept 1996]).
Supreme Court should not have sua sponte dismissed defendant's counterclaim, seeking damages for breach of contract. Plaintiff did not cross-move to dismiss the counterclaim and neither party raised the issue to allow the court to search the record in addressing it (see New Hampshire Ins. Co. v MF Global, Inc., 108 AD3d 463, 467 [1st Dept 2013]).
Defendant's challenge to the denial of his request for attorneys' fees is deemed abandoned (see Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 483 [1st Dept 2015]; Shakespeare v Fine Arts Dev. Labs. Co-op., Inc., 71 AD2d 592, 592 [1st Dept 1979]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024